HARRY KREMER, Appellant, *v.* H. CHARLES KREMER, Also Known as HAIM KREMER, Respondent.

First Department, December 24, 1934.

*Sigmund Moses,* for the appellant.

*Alexander J. Rosman* of counsel [*Cohen & Rosman,* attorneys], for the respondent.

GLENNON, J. This is an appeal from an order granting defendant's motion for judgment on the pleadings, and the judgment entered thereon dismissing the complaint.

Plaintiff instituted this action to recover the sum of $5,800 advanced or loaned by him to his brother, the defendant, for the purpose of enabling the latter to become a licensed dentist in the State of New York.

The first paragraph of the complaint reads as follows: " That in or about the year 1919 plaintiff and defendant above-named, for a good and valuable consideration entered into a contract whereby plaintiff agreed to advance on behalf of defendant all moneys needed and required by defendant for his support and maintenance, for his studies to enter the profession of dentistry, for expenses necessary in obtaining a license to practice dentistry, for expenses necessary in opening and furnishing a dentistry office for the practice of dentistry; by the terms of said agreement the defendant agreed to re-pay any and all moneys advanced by plaintiff in the performance of said agreement, at the time of his commencement of the practice of dentistry."

In the second paragraph it is alleged in part: " Pursuant to said agreement plaintiff, over a period of several years subsequent to said agreement, advanced various sums of money totalling to the sum of about Six Thousand dollars ($6,000)."

" Third. That the defendant above-named commenced practicing dentistry in the year 1928 as a licensed practitioner * * * in the State of New York, and opened and furnished a dentistry office at plaintiff's expense, as it was agreed."

It is then alleged that due demand was made and that defendant refused to pay anything except the sum of $200 on account.

In the bill of particulars served by plaintiff it is set forth that the agreement sued upon was oral, and " as the defendant * * * was desirous of * * * becoming a licensed dentist of the State of New York, he requested that the plaintiff herein advance all moneys necessary to pay for the defendant's support, maintenance, tuition fees, supplies, equipment and the opening and furnishing of an office for the practice of dentistry, and agreed to re-pay all such moneys advanced by the plaintiff for defendant's use as soon as he had commenced practicing dentistry."

The defendant set up the Statute of Frauds as a bar. The Special Term has held, in effect, that since the agreement was oral " it comes within the Statute of Frauds (Personal Property Law, Sec. 31)." The complaint was dismissed without leave to serve an amended pleading. We feel that the court at Special Term fell into error.

Assuming that the facts alleged in the complaint are true, we have a situation whereby one brother who has loaned money to another upon the latter's promise to repay, is barred by the

Statute of Frauds from a right of recovery simply because the borrower's time to repay was extended on account of his needs over a period beyond one year.

We can conceive a situation where the contract by its terms could have been performed within a year. The plaintiff during the first few months might have advanced a sum sufficient to take care of defendant's requirements during his whole career of study, and, by the same token, the defendant, assuming that he was honest, could have repaid the money within the year if funds sufficient came into his hands. However, we do not think it necessary to rest our decision upon possibilities, nor upon the right of the plaintiff to terminate the agreement to advance money, as appellant argues, to the defendant within one year. We are inclined to the view that the complaint should be treated as one for money loaned, or for money had and received. We should look to the substance rather than to the form.

In our research we have found a case reported in England, where the Statute of Frauds was pleaded as a bar to recovery upon an agreement which was not to be performed within a year. It may assist us in making our position clear. In *Knowlman* v. *Bluett* (L. R. 9 Exch. 307) the following facts are concisely stated in the headnote: " The defendant, who was the father of seven illegitimate children of the plaintiff, agreed with her verbally to pay her £300 per annum, by equal quarterly instalments, for so long as she should maintain and educate the children. At the time of the making of the promise the eldest child was about fourteen years old. For several years the plaintiff maintained and educated the children, and the defendant paid the agreed sums. At Michaelmas, 1870, he discontinued his payments. The plaintiff continued to maintain and educate the children, and in May, 1873, brought an action for two and a half years' arrears." BLACKBURN, J., writing for a unanimous court, said: " We are of opinion that the Court of Exchequer was right in refusing a rule in this case. The bargain between the parties was that if the plaintiff would take care of and maintain the children, the defendant would pay her £300 a year as long as she did so. This arrangement was never revoked, and the plaintiff having taken care of and maintained the children, now sues for arrears due to her. It is said that the action is not maintainable because there is no memorandum in writing of the bargain. But the plaintiff has performed her part of it, and it would be unjust if she could not obtain repayment of the sums she has expended. She could have maintained an action for ' money paid at the defendant's request,' and it would have been no answer to have said that the term in respect of which she was suing was

longer than a year, and that the agreement which fixed the rate of remuneration was one not to be performed within a year. We think that in substance her present claim is for money paid, although the declaration is in form upon a special contract."

The principle relied upon in that case should apply with equal force to the situation we have here. If we should assume that plaintiff should be precluded from recovering what rightfully belonged to him by virtue of a statute which was enacted for the purpose of preventing a fraud, we would close our eyes to the real purpose of the law.

In *Galvin* v. *Prentice* (45 N. Y. 162), RAPALLO, J., said in part: " Where payments are made * * * upon a contract, void by the Statute of Frauds, and the party receiving the services or payments refuses to go on and complete the performance of the contract, the other party may recover back the amount of such payments * * * in an action upon an implied assumpsit.

" But to entitle him to maintain such action he must show that the defendant is in default. (*King* v. *Brown*, 2 Hill, 487.) The rule is very clearly stated in *Lockwood* v. *Barnes* (3 Hill, 128), as follows: ' A party who refuses to go on with an agreement void by the Statute of Frauds, after having derived a benefit from a part performance, must pay for what he has received.' "

The defendant here, according to the complaint, has received the sum of $5,800 which he has not repaid. If it is true that he has done so, he should not be seeking refuge behind the Statute of Frauds.

The judgment and order appealed from should be reversed, with costs, and the motion denied, with ten dollars costs.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; O'MALLEY, J., concurs in result upon the ground that it does not appear upon the face of the pleadings that the contract sued upon by its terms was incapable of being performed within one year from the date it was made.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.