248

DAVID I. KLEIN, Respondent, *v.* WALTER A. SMIGEL et al., Appellants.

First Department, April 9, 1974.

*Robert P. Stein* of counsel (*Stroock & Stroock & Lavan,* attorneys), for appellants.

*Samuel Rubin* of counsel (*Conrad & Smith,* attorneys), for respondent.

McGIVERN, P. J. Plaintiff in this action seeks to recover, in *quantum meruit,* the sum of $90,000 as a finder's fee for services allegedly rendered in connection with the acquisition of the corporate defendant, Crescent Corset Company, Inc. (Crescent) by NCC Industries, Inc. (NCC). The services allegedly consisted of an introduction of NCC's president, Sol Kittay, to the defendant Smigel.

Plaintiff bases his claim upon an alleged oral agreement, reached at a conference on August 27, 1970, with the individual defendant Smigel, the principal stockholder and chief executive officer of the corporate defendant. Thereafter, on or about

March 6, 1971, NCC acquired Crescent for a purchase price of $2,486,718.

In their answer, by way of denial and an affirmative defense, defendants alleged that none of the acts alleged to have been performed by plaintiff contributed to or resulted in, directly or indirectly, the acquisition of Crescent by NCC. As a further affirmative defense, defendants alleged that the complaint was barred by section 5–701 of the General Obligations Law. On the basis of this latter affirmative defense, defendants moved to dismiss the complaint for insufficiency.

In opposition to the motion, the plaintiff disclosed a letter dated February 15, 1971 written by Smigel to the plaintiff, reading so far as pertinent, as follows:

" In confirmation of our prior telephone conference regarding the acquisition by NCC Industries, Inc. of Crescent Corset Company, Inc., we find now that our transaction has advanced to the point where we expect a contract signing within a week. It would be helpful, as a part of our closing, if we could have from you a letter to the effect that you will assert no claim as a finder or broker in connection with the transaction.

" I am enclosing, for your convenience, a proposed letter of release."

The letter of release provided for discharge of Crescent and Smigel as well as NCC. Plaintiff did not sign the letter. Special Term denied the motion, holding this writing sufficient to meet the requirements of the Statute of Frauds. No appeal was taken from this order.

Subsequently, utilizing testimony given by plaintiff in his deposition taken before trial, defendants moved for summary judgment, contending there were no triable issues of fact, and no factual basis to support plaintiff's contention that there was an agreement to pay him compensation for his services. Special Term denied this motion, noting its prior order " holding that a letter sent by defendant Smigel to plaintiff sufficed as a writing within the statute of frauds ", and concluded that whether the alleged services " were understood to have been performed gratuitously or not is an issue not determinable solely on the papers submitted."

Defendants appeal from the order (AMSTERDAM, J., New York County, Nov. 16, 1973) denying them summary judgment.

- The determination of the appeal presents a twofold issue. One, the extent of the restraint arising from the prior order of Special Term, declaring the only writing offered by plaintiff in support of his claim was sufficient to satisfy the Statute of

Frauds, and two, the actual sufficiency of the writing to meet the requirements of subdivision 10 of section 5–701 of the General Obligations Law. We conclude that the prior order dated March 29, 1972, not appealed, denying a motion to dismiss the complaint for insufficiency, constitutes no impediment to an appellate court in the proper and just disposition of the motion on its merits, freed from any procedural stumbling block. (10 Carmody-Wait 2d, New York Practice, § 70 :406.)

As was stated in *Northville Dock Corp.* v. *Aller* (15 A D 2d 947) '' A prior determination of the Special Term sustaining the sufficiency of the complaint does not constitute the law of the case in this court [cases omitted].'' To the same effect, see *Walker* v. *Gerli* (257 App. Div. 249), also *Adelphi Enterprises* v. *Mirpa, Inc.* (33 A D 2d 1019) wherein the court said: ''It may be true that order number one was the law of the case with respect to courts of co-ordinate jurisdiction. However, the effect of the law of the case does not apply in a court which is required to review the latter order on appeal [citing cases].''

Considered on the merits, we find the letter qualitatively and quantitatively insufficient to satisfy the applicable Statute of Frauds, since it does not contain all the material terms of the purported agreement. (*Intercontinental Planning* v. *Daystrom, Inc.*, 24 N Y 2d 372; *Cohon & Co.* v. *Russell*, 23 N Y 2d 569.) Any other conclusion would obviate the legislative intent of the statute and ignore the caveat enunciated in *Minichiello* v. *Royal Business Funds Corp.* (18 N Y 2d 521, 526–527) that the aim of the statute is to protect businessmen from the type of claim being asserted here — a claim for a $90,000 finder's fee, not supported by the written evidence. The instant letter fails to express the terms of any agreement by the defendants to pay a finder's fee; in fact, it negates any expression of an intention or obligation to pay such.

Furthermore, the plaintiff made admissions on the taking of his oral deposition, which acknowledge that he never requested compensation, was never told he would be compensated, but simply had an undefined '' intimation that he would be taken care of.'' These admissions fully illustrate the reason for the 1964 legislative amendment of subdivision 10 of section 5–701 of the General Obligations Law, which clearly made the section applicable to '' finders '', and precluded recovery upon '' a contract implied in fact or in law '', unless there be a writing; and they also illustrate the *Minichiello* caveat that no recovery in *quantum meruit* will be allowed to defeat the purposes of the statute.

The order should be reversed, on the law, with costs, and the defendant's motion for summary judgment granted.

MARKEWICH, STEUER and CAPOZZOLI, JJ., concur.

Order, Supreme Court, New York County, entered on November 16, 1973, unanimously reversed, on the law, and the motion granted. Appellants shall recover of respondent $60 costs and disbursements of this appeal.