SEVEN STAR SHOE COMPANY, INC., Plaintiff,

v.

STRICTLY GOODIES, INC., Good Times Industries, Inc., Ronald W. Gootkin, Robert Y. Greenberg and Ernest Williams, Defendants.

No. 83 Civ. 2904 (RWS).

United States District Court, S.D. New York.

Jan. 9, 1986.

Allen M. Schwartz, New York City, for plaintiff.

Ruben, Schwartz, Meyer & Schnaal, New York City, for defendants Strictly Goodies, Inc. and Ronald W. Gootkin; Robert Arbeit, of counsel.

Zavin, Sinnreich & Wasserman, New York City, for defendants Good Times Industries, Inc., Robert Y. Greenberg and Ernest Williams; Jonathan Zavin, Andrew Schein, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Seven Star Shoe Company, Inc. ("Seven Star") brought this action for breach of contract and interference with contractual relations against defendants Good Times Industries, Inc. ("Good Times"), Strictly Goodies, Inc. ("Strictly Goodies") and several officers of both com-

panies. Good Times moved to dismiss Seven Star's original claim for breach of contract pursuant to Rule 12(b)(6) Fed.R.Civ.P. because it was barred by the statute of frauds. By opinion of May 24, 1985, this motion was granted, *Seven Star Shoe Company v. Strictly Goodies Inc. et al.*, No. 83 Civ. 2904 (May 24, 1985 S.D.N.Y.) and Seven Star filed a second amended complaint on October 7, 1985 repleading its contract claim under a *quantum meruit* theory. Good Times now moves for an order dismissing this first claim of the second amended complaint under Rule 12(b)(6) Fed.R.Civ.P. as barred by the statute of frauds and for failure to state a claim under New York law. For the reasons set forth below, the motion is granted.

## Facts

The relevant allegations set forth in Seven Star's second amended complaint do not differ substantially from those set forth in the previous complaints. Seven Star, a New York corporation, manufacturers and distributes footwear. Good Times, a California corporation, is also engaged in the manufacture and sale of footwear. In November of 1982, officers of both corporations met in New York to discuss Seven Star's "pie" sneaker. According to Seven Star, in whose favor these facts must be construed, Seven Star and Good Times entered into an oral agreement whereby Good Times agreed to pay Seven Star $1.00 for every pair of sneakers sold "in consideration of [Seven Star] supplying advice, guidance, and counsel to defendants relating to sources of supply, distribution, marketing, and other data needed to allow and permit defendants to enter into the sneaker business with a lower priced version of [Seven Star's] 'Pie' sneaker, thereby enabling defendants to reduce the risk of loss in entering such field." (Amended Complaint ¶ 14). In his affidavit in opposition to Good Times' present motion, Larry Silverstein ("Silverstein"), Seven Star's president, claims that during this meeting he instructed defendants' officers on the marketing, sources of supply and the location of mar-

ket opportunity for their lower cost "pie" sneaker and anticipated compensation for such services. (Affidavit in Opposition ¶ 10). According to Silverstein, the defendants promised to mail him a written contract detailing his compensation for this undertaking, but never forwarded such a written expression of this agreement.

**Discussion**

Good Times contends that the first cause of action in Seven Star's second amended complaint is barred by the statute of frauds, that it is a repetition of the previously barred contract claim, and that it fails to state a claim in *quantum meruit* under New York law. Seven Star contends that its repleaded contract claim properly alleges that Good Times was unjustly enriched by the value of Seven Star's services, and that Seven Star is entitled to recover the reasonable value of these services under a theory of *quantum meruit.*

Seven Star's amended complaint articulates its *quantum meruit* theory of recovery with the following paragraphs:

17. That the aforementioned contract was and is void under the provisions of section 5–701 of the General Obligations Law, in that performance of said contract by its terms was not to be performed within one year from the making thereof.

18. To date, defendants have failed to pay to plaintiff the agreed upon price for work, labor and services rendered.

19. Upon information and belief, the services so rendered by plaintiff were of the reasonable and agreed value of $1,000,000.00.

20. Plaintiff has no adequate remedy at law.

Good Times' first contention is that this attempt to replead the previous contract claim under an unjust enrichment theory is barred by the statute of frauds. Section 5–701(a)(10) of New York General Obligations Law explicitly bars *quantum meruit* recovery on contracts to pay a commission for services rendered in connection with the negotiation of the purchase, sale, or exchange of a business opportunity un-

less such contracts are in writing. Section 5–701(a)(10) provides:

a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. "Negotiating" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.

The amended pleadings illustrate that Seven Star's first claim for recovery rests on Silverstein's conveyance of general trade information about the marketing of the "Pie" sneaker and the divulging of sources of supply and distribution for the product. As outlined in this court's previous opinion of May 24, 1985, Seven Star's participation in the "Pie" sneaker transaction came under the category of "agreements for commissions in procuring customers or orders"—a role squarely within the broad language of section 5–701(a)(10). This section specifically defines "negotiation" as procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction, which Seven Star did by informing Good Times about the channels of distribution and supply for its lower priced product.

The New York courts have specifically applied this writing requirement to claims for commissions sought under both contract and *quantum meruit* theories. *Minichiello v. Royal Business Funds Corporation,* 18 N.Y.2d 251, 277 N.Y.S.2d 268, 272, 223 N.E.2d 793, 797 (1966) (the 1944 legislature in enacting subdivision 10 intended to include "finders" within the operation of the statute and to preclude any recovery in *quantum meruit*); *Klein v. Smigel,* 44 A.D.2d 248, 354 N.Y.S.2d 117, 120 (1974), *aff'd,* 36 N.Y.2d 809, 370 N.Y. S.2d 879, 331 N.E.2d 679 (1975) (the aim of the statute is to protect businessmen from a claim for a finder's fee not supported by written evidence). As the Fourth Circuit stated in *Hardy-Latham v. Wellons,* 415 F.2d 674, 677 (4th Cir.1968), construing this section of New York General Obligations law: "[s]ince the design of the statute is to avoid the dangers inherent in claims for commissions by finders or brokers on oral testimony without a sufficient written memorandum, the New York Court of Appeals has recently held that to allow recovery for the reasonable value of the services rendered would undermine the legislative purpose." (*citing Minichiello v. Royal Business Funds Corp., supra,* 18 N.Y.2d 251, 277 N.Y.S.2d 268, 223 N.E.2d 793).

Seven Star attempts to avoid the operation of section 5–701(a)(10) by claiming that Silverstein performed "services" for Good Times and was not assisting in the negotiation, purchase or sale of a business opportunity within the meaning of the statute. However, Seven Star's contributions cannot properly be described as "services" because they involved "supplying advice guidance and counsel" to Good Times about the sources of supply and the channels of distribution. Indeed, all of these purported "services" took place at one New York meeting, at which Silverstein provided Good Times with knowledge of which customers would buy its product in exchange for a $1.00 per pair commission for such information. The subject of this implied contract thus falls within the scope of "procuring an introduction to a party to the transaction" within the meaning of section 5–701(a)(10) and is barred by the statute of frauds.

Because Seven Star's first implied contract claim for unjust enrichment is barred by the statute of frauds, this court will not reach Good Times' contentions that the claim fails to state a cause of action under New York law. For the aforementioned reasons, Seven Star's first cause of action is dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

IT IS SO ORDERED.