■ PRIOLO COMMUNICATIONS, INC., Respondent, v MCI TELECOMMUNICATIONS CORPORATION, Appellant, et al., Defendant. [669 NYS2d 376] —In an action to recover damages for

breach of contract, fraud, and conversion, the defendant MCI Telecommunications Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 18, 1996, as denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, and the complaint is dismissed insofar as asserted against it.

The plaintiff's cause of action to recover damages for breach of contract is barred by the Statute of Frauds (*see,* General Obligations Law § 5-701 [a] [10]). The purported agreement between the plaintiff and the appellant to compensate the plaintiff for procuring customers for the appellant falls squarely within the broad language of General Obligations Law § 5-701 (a) (10) (*see, Seven Star Shoe Co. v Strictly Goodies,* 628 F Supp 1237).

The plaintiff's claim alleging conversion merely restates its cause of action to recover damages for breach of contract and does not allege a separate taking. A claim to recover damages for conversion cannot be predicated on a mere breach of contract (*see, MBL Life Assur. Corp. v 555 Realty Co.,* 240 AD2d 375).

Contrary to the appellant's contention, the plaintiff's purported claim alleging fraud sounds in tort, not in breach of contract (*see, Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403; *Shapiro v Dictaphone Corp.,* 66 AD2d 882). However, the plaintiff's failure to specifically plead the facts underlying the alleged fraud, i.e., the material misrepresentation that the appellant never intended to fulfill its promise at the time the agreement was entered into, renders this claim fatally defective (*see,* CPLR 3016 [b]; *Lapis Enters. v International Blimpie Corp.,* 84 AD2d 286; *Zaref v Berk & Michaels,* 192 AD2d 346). Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.