Howard **ROSBACH** and **Raymond Harvey**, Plaintiffs,

v.

**INDUSTRY TRADING CO., INC.** and **Shraga Gancz**, Defendants.

No. 99 Civ. 9322(RWS).

United States District Court, S.D. New York.

Feb. 4, 2000.

---

Robert V. Ferrari by Richard H. Byrnes, New York City, for Plaintiffs.

Daniel Friedman, New York City, for Defendants.

### OPINION

SWEET, District Judge.

Defendants Industry Trading Co. ("ITC") and Shraga Gancz ("Gancz") (together, "Defendants") have moved to dismiss the complaint of plaintiffs Howard Rosbach ("Rosbach") and Raymond Harvey ("Harvey") (together, "Plaintiffs") as barred by the Statute of Frauds. For the

reasons set forth below, the motion will be granted in part and denied in part.

### The Parties

Rosbach is a citizen of Nevada.

Harvey is a citizen of Massachusetts.

ITC is a New York corporation with its principal place of business in New York.

Gancz is a citizen of New York and president of ITC.

### Prior Proceedings

In 1992 or 1993,[1] ITC filed an action against Rosbach in New York State Court, Suffolk County, to recover $15,000 due for goods sold and delivered by ITC to Rosbach (the "State Action"). ITC was awarded a default judgment in the 1992 Action for the $15,000, plus interest (the "Default Judgment").

The complaint in this action (the "Complaint") was filed on August 31, 1999. The instant motion to dismiss was filed on October 27, 1999. Oral argument was heard on November 10. Additional briefing materials were received through November 29, 1999.

### Facts

On a motion to dismiss under Rule 12(b)(6), the facts alleged in the complaint are presumed to be true, and all factual inferences are drawn in the plaintiff's favor. *See Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). Accordingly, the facts presented here are drawn from the allegations of Plaintiffs' Complaint and do not constitute findings of fact by the Court.

ITC, a diamond wholesaler, supplied diamonds for a period of time to Rosbach, a diamond broker, who in turn sold the diamonds to customers. Rosbach paid ITC the retail price minus an agreed-upon sales commission.

Early in 1993, a purchaser failed to pay Rosbach for a $15,000 diamond provided by ITC. Rosbach, in turn, failed to pay

---

1. The parties disagree on the date, although not on the fact that a suit was filed.

ITC. ITC subsequently filed the State Action.

Late in 1993, Rosbach proposed settling the State Action by finding an investor who would loan Gancz and ITC $80,000 to invest in diamonds. Rosbach would waive his "usual finder's commission" of $15,000 for performing this service, in return for which Gancz and ITC would discontinue the State Action. Gancz and ITC would, however, be required to pay the investor an additional $8,000, representing interest of ten percent on the $80,000 loan. Gancz and ITC agreed to Rosbach's terms.

Rosbach and Harvey subsequently formed a joint venture, late in 1993. Harvey invested $100,000 with the understanding that $80,000 would constitute a loan to Gancz and ITC on the agreed-upon terms. Rosbach disbursed the loan in two installments: a check to Gancz and ITC for $50,000 in December 1993, and a check to Gancz and ITC for $30,000 in January 1994.

Beginning in 1994, Rosbach made repeated demands on Gancz and ITC for payment of the $80,000 principal and $8,000 interest. The sole payment to date has been $2,250 in connection with ITC's sale of one diamond.

In 1998, Rosbach discovered that Gancz, contrary to his representations, had not discontinued the State Action but had obtained the Default Judgment, which he was seeking to enforce against Rosbach.

## Discussion

In deciding the merits of a motion to dismiss for failure to state a claim, all material allegations composing the factual predicate of the action are taken as true, for the court's task is to "assess the legal feasibility of the complaint, not assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984) (*quoting Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)). Thus, where a plaintiff can prove no set of facts in support of his or her claim which would warrant relief, the motion to dismiss must be granted. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

Defendants maintain that the three causes of action alleged in the Complaint are barred by New York's Statute of Frauds: the General Obligations Law § 5–701. Specifically, Defendants maintain that the three causes of action are predicated upon Defendants' breach of two alleged oral contracts: (1) a contract between Rosbach and Defendants whereby Rosbach would find a third-party investor for Defendants (the "Finder's Contract"), barred by § 5–701(a)(10); and (2) a contract, entered into in late 1993, whereby Rosbach and Harvey loaned Defendants $80,000 for a one-year term, the loans being distributed in installments in December 1993 and January 1994 (the "Loan Contract"), barred by § 5–701(a)(1).

As a preliminary matter, it is noted that consideration of the affirmative defense of the Statute of Frauds is appropriate on a motion to dismiss. *See Doehla v. Wathne Ltd., Inc.*, No. 98 Civ. 6087, 1999 WL 566311, at *4 (S.D.N.Y. Aug. 3, 1999) (CSH).

New York General Obligations Law § 5–701(a) states in pertinent part:

Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime;

\*   \*   \*   \*   \*   \*

10. Is a contract to pay compensation for services rendered in negotiating a loan.... "Negotiating" includes procuring an in-

troduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. . . .

### The Finder's Contract

■ The alleged Finder's Contract falls squarely within the language of § 5–701(a)(10). The Complaint alleges that Rosbach contracted with Defendants, who agreed to discontinue the State Action in return for Rosbach's finding of a person (Harvey) who would loan Defendants $80,-000. By the plain language of the Complaint, discontinuing the State Action had a value of $15,000 to Rosbach and was thus unquestionably "compensation" within the meaning of § 5–701(a)(10).

Plaintiffs raise two objections to this defense. First, they maintain that oral agreements are the norm in the diamond business, thereby precluding mechanical application of the Statute of Frauds. This objection, however, is inapplicable to the Finder's Contract. The Complaint alleges that the normal course of dealings between Rosbach and Defendants involved Defendants supplying Rosbach with diamonds, which Rosbach would sell to customers. There is no allegation that Rosbach customarily acted as a finder in any capacity for Defendants, let alone as a loan finder. Under these circumstances, the absence of a writing is not reasonable.

Plaintiffs also maintain that it would constitute unjust enrichment were Defendants able to prevail on the Statute of Frauds defense. However, New York courts have specifically applied the requirement that finder's agreements be in writing to claims for commissions sought under both contract and *quantum meruit* theories. *See Minichiello v. Royal Business Funds Corp.*, 18 N.Y.2d 521, 277 N.Y.S.2d 268, 272, 223 N.E.2d 793, 797 (1966) (the 1944 legislature in enacting subdivision 10 intended to include "finders" within the operation of the statute and to preclude any recovery in quantum meruit); *Klein v. Smigel*, 44 A.D.2d 248, 354 N.Y.S.2d 117, 120 (1974), *aff'd*, 36 N.Y.2d 809, 370 N.Y.S.2d 897, 331 N.E.2d 679 (1975) (the aim of the statute is to protect businessmen from a claim for a finder's fee not supported by written evidence). As the Fourth Circuit stated in *Hardy–Latham v. Wellons*, 415 F.2d 674 (4th Cir.1968), construing this section of New York General Obligations law: "[s]ince the design of the statute is to avoid the dangers inherent in claims for commissions by finders or brokers on oral testimony without a sufficient written memorandum, the New York Court of Appeals has recently held that to allow recovery for the reasonable value of the services rendered would undermine the legislative purpose." *Id.* at 677 (*citing Minichiello*, 18 N.Y.2d 521, 277 N.Y.S.2d 268, 223 N.E.2d 793).

For these reasons, Plaintiffs' third cause of action, for "Impairment of Credit" stemming from Defendants' attempts to enforce the Default Judgment in the State Action, will be dismissed without prejudice.

### The Loan Contract

■ New York General Obligations Law § 5–701(a)(1) "encompass[es] only those contracts which, by their terms, 'have absolutely no possibility in fact and law of full performance within one year.' As long as the agreement may be 'fairly and reasonably interpreted' such that it may be performed within a year, the Statute of Frauds will not act as a bar however unexpected, unlikely, or even improbable that such performance will occur during that time frame." *Nakamura v. Fujii*, 253 A.D.2d 387, 389, 677 N.Y.S.2d 113, 115 (1st Dep't 1998) (*quoting D & N Boening v. Kirsch Beverages*, 63 N.Y.2d 449, 454, 483 N.Y.S.2d 164, 472 N.E.2d 992 (1984); *Warren Chem. & Mfg. Co. v. Holbrook*, 118 N.Y. 586, 593, 23 N.E. 908 (1890)).

■ Defendants maintain that the Complaint alleges that the $80,000 loan was to be paid upon the expiration of one year from the date of delivery of the money. Since the money was not fully delivered

until January 1994, yet the Loan Agreement was entered into in 1993, Defendants maintain that the term of the loan was in excess of one year. Defendants further maintain that since the purpose of the loan was "to invest in diamonds," Plaintiffs had a continuing obligation to make the funding available, and that Defendants had a continuing right to draw on the funds, even if Defendants repaid any or all of the funds during the year.

While there is support for the proposition that a continuing obligation to provide funds for a period longer than one year is not terminable or performable within a year, *see, e.g., Bank of New York v. Sasson,* 786 F.Supp. 349 (S.D.N.Y.1992), the allegations of the Complaint do not support such an interpretation of the Loan Contract. Nothing in the Complaint suggests that Defendants could not have repaid the loan within a year from the date of the Loan Agreement. Nor does the fact that the loan was for the purpose of investing in diamonds lead to the conclusion that Plaintiffs had a continuing obligation to provide the funds, even if Defendants repaid the loan. On a motion to dismiss, in particular, it would be inappropriate to construe the language of the Complaint in such a fashion.

Since under the allegations in the Complaint, the Loan Agreement can fairly and reasonably be interpreted as being capable of being performed within a year, § 5–701(a)(1) does not act as a bar. Consequently, Plaintiffs' first and second causes of action will not be dismissed.

*Conclusion*

For the reasons set forth above, the third cause of action in the Complaint is dismissed without prejudice as barred by New York General Obligations Law § 5–701(a)(10). The first two causes of action in the Complaint stand.

It is so ordered.