OPINION OF THE COURT
Scott Fairgrieve, J.
Introduction
Plaintiff, Pamela Ferrer, has filed this cause of action against her former boyfriend, defendant, Isaiah Samuel, alleging breach of an oral contract seeking $3,000 in damages. This is not a contract that requires a written instrument and plaintiff has provided this court with more than ample evidence in the form of a corroborating witness and a recorded conversation to demonstrate that a contract did exist between the two parties. The court awards plaintiff the following amounts:
(1) $1,461.36 for the purchase of the keyboard with interest at the rate of 9% from November 22, 2000.
(2) $222.71 advanced on behalf of the defendant for the purchase of car insurance from Nationwide Insurance with interest at the rate of 9% from August 30, 2000.
*534 (3) $300 advanced to defendant for the repair of the defendant’s Nissan Sentra’s alternator with interest at the rate of 9% from April 30, 2001.
Decision
During the course of their relationship, April 2000 to September 2001, the plaintiff loaned the defendant money on a periodic basis. These loans included money for car repairs, car insurance and a keyboard. The keyboard was purchased on a joint charge account, for which plaintiff paid the down payment and later the resultant remainder in order to avoid finance charges. Plaintiff testified that the defendant stated an intention to reimburse her for the money she was expending. To support her contention plaintiff entered into evidence a tape-recorded phone conversation, allegedly recorded in July 2001, in which the defendant admitted owing plaintiff $2,500. The plaintiff’s corroborating witness, Rose Guitiernez, testified that she witnessed a conversation between plaintiff and defendant wherein defendant promised to pay back plaintiff for the money lent for the purchase of the keyboard. The witness also verified that defendant used the car for which plaintiff lent money for the insurance. The defendant claims he repaid plaintiff $700; however, his testimony is inconsistent since he also claims he did not owe any money to the plaintiff and plaintiff denies any repayment. Furthermore, defendant’s reasons for not paying plaintiff are not legally cognizable defenses. Defendant claims he does not owe any money because there was no writing between the parties, and he was intoxicated when the taped confession of the debt was made from some cooking sherry that was used in preparing his steak, and finally that he did not want to pay the plaintiff because she entered into a new romantic relationship. All of these “reasons” are self-serving motivations for simply not wanting to return to the plaintiff the monies that she has lent to defendant.
As a general rule oral agreements are enforceable and courts typically look to the objective intent manifested by the parties at the time they contracted. (Jump v Jump, 268 AD2d 709, 710 [3d Dept].) Contrary to the defendant’s contention, the oral agreement alleged to have occurred in this situation does not fall within any of the statutory provisions that require an agreement to be in writing. General Obligations Law § 5-701, the statutory provision which details the types of agreements required to be made in writing, states in pertinent part that:
“a. Every agreement, promise or undertaking is *535 void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
“1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime.” (General Obligations Law § 5-701 [a] [1].)
None of the other provisions in the statute relate to the issues presented in this case.
This agreement is statutorily permissible since it can be performed within one year. (See Rosbach v Industry Trading Co., 81 F Supp 2d 522 [SD NY 2000] [court held that an $80,000 loan did not have to be in writing because it was performable within one year]; Kremer v Kremer, 243 App Div 66 [1st Dept 1934]; Kestenbaum v Suroff, 268 AD2d 560 [2d Dept 2000] [so long as the oral agreement can possibly be performed within one year, then the agreement is not susceptible to statute of frauds].) However, regardless of the one-year limitation there was sufficient evidence offered by the plaintiff to demonstrate that an oral agreement existed, including the terms of said agreement so that the underlying purpose of General Obligations Law § 5-701 of preventing people from having false allegations levied against them because of verbal agreements is fully satisfied. (See Shaftel v Dadras, 39 F Supp 2d 217 [ED NY 1999].)
Plaintiff in this case submitted a tape recording of a phone conversation she had with the defendant. During this conversation defendant admitted that he owed the plaintiff $2,500. General Obligations Law § 5-701 (b) (3) (a) states in pertinent part:
“3. There is sufficient evidence that a contract has been made if:
“(a) There is electronic communication (including, without limitation, the recording of a telephone call or the tangible written text produced by computer retrieval), admissible in evidence under the laws of this state, sufficient to indicate that in such communication a contract was made between the parties.” (General Obligations Law § 5-701 [b] [3] [a].)
In this situation there was certainly a sufficient amount of information to show that the parties had entered into a contract and that the defendant owed the plaintiff money. During the recorded conversation there was no statement made by *536 the defendant that he had partially repaid the loans but confirmed that he owed the plaintiff money lent to him. See Dzek v Desco Vitroglaze of Schenectady (285 AD2d 926 [3d Dept 2001]), wherein the Court held that a party’s admission on tape that he owed money in connection with the subcontract work was enough to hold him liable and thus was not barred by the statute of frauds. Defendant offered no proof of repayment and in essence rebuked the debt based upon his personal gripe with his former girlfriend.
Conclusion
Based upon the foregoing, plaintiff is entitled to recover the sums set forth in the introduction of this decision.