■ David Diaz, Appellant, v State of New York, Respondent. (And Another Related Claim.) [682 NYS2d 294] —Yesawich Jr., J. Appeal from a judgment of the Court of Claims (McNamara, J.), entered October 14, 1997, upon a decision of the court in favor of the State.

Claimant allegedly sustained injuries in two separate slip-and-fall accidents that occurred while he was incarcerated in two different State correctional facilities. The negligence claims he thereafter brought against the State were joined and, after the liability portion of a bifurcated trial, the Court of Claims found in the State's favor on both claims. Claimant appeals, contending that the court's findings with respect to the second claim are against the weight of the credible evidence.

We disagree. Although this is a nonjury case and we are empowered to " 'independently consider the probative weight of the evidence and the inferences that may be drawn therefrom, and grant the judgment we deem [appropriate]' " (*Krafchuk v State of New York*, 250 AD2d 962, 964, quoting *Walsh v State of New York*, 232 AD2d 939, 940), where, as here, the trial court's findings are based in large part upon credibility assessments, they are entitled to deference (*see, id.*; *Ogle v State of New York*, 191 AD2d 878, 880). The claim in question stems from an incident when claimant slipped on a wet floor while walking down the hall from his dormitory room to the bathroom. A correction officer who was on duty at the time testified that the spilled water had been on the floor for 10 to 15 minutes, and was in the very process of being mopped when, as claimant passed by, he fell. This testimony—which the Court of Claims credited—was not, as claimant argues, unworthy of belief merely because the officer was able to recall the incident in greater detail at trial than at his earlier deposition. Claimant's averments, designed to impose liability upon the State, including an assertion that no one was in fact engaged in mopping the spill, merely posed a credibility question which the court resolved in defendant's favor.

And, inasmuch as it cannot be said, as a matter of law, that the State acted unreasonably in commencing, but not completing, the cleaning up of the spill within 10 to 15 minutes of its occurrence, there is no basis for reversing the Court of Claims' judgment (*see, Preston v State of New York*, 59 NY2d 997, 998; *Green v State of New York*, 222 AD2d 553, 554; *Keir v State of New York*, 188 AD2d 918, 919).

We have considered claimant's remaining arguments and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.