■ In the Matter of SHELBY DECKER, Appellant, v ROBERT G. WILSON, JR., Respondent. [698 NYS2d 747] —Cardona, P. J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered May 22, 1998, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

Petitioner and respondent, who were never married, are the parents of a son born in 1993. In October 1996, following petitioner's relocation to Florida, respondent was awarded sole custody of the child and petitioner was granted, *inter alia*, supervised visitation. In November 1997, petitioner brought the instant application seeking modification of the prior order and sole custody claiming, *inter alia*, that respondent had refused her telephone contact with the child. A fact-finding hearing was held and Family Court also conducted an in camera interview with the child. Family Court denied petitioner's request for a modification of custody and, *inter alia*, set forth specific terms and conditions for future visitation. Petitioner appeals.

We affirm. It is well settled that " 'alteration of an established custody [or visitation] arrangement will be ordered only upon a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child' " (*Matter of Williams v Williams*, 188 AD2d 906, 907, quoting *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903). We also note that Family Court's factual findings are entitled to deference and will only be disturbed if they lack a sound and substantial basis in the record (*see, Matter of Williams v Williams, supra*, at 907; *see also, Matter of Gray v Jones*, 251 AD2d 765, 766; *Matter of Donato v McLaughlin*, 249 AD2d 859).

In the instant case, petitioner did not meet her burden for modification of the prior custody order. The most significant event that occurred after Family Court's October 1996 order was petitioner's plea of guilty in May 1997 to the felony charge

of aggravated assault in Florida.* We note that petitioner was sentenced to a four-year term of probation limiting her ability to travel to New York. Although petitioner asserts that respondent has impeded her ability to communicate by telephone with the child, that claim was not substantiated insofar as there was evidence presented that petitioner was denied contact when the child was asleep or unavailable. Furthermore, while there was evidence that petitioner has a strained relationship with respondent's father, that is not a basis for changing the established custody arrangement. Inasmuch as there was proof that respondent is the child's primary caregiver, that he is assisted by his parents in the child's care and the child is doing well, Family Court's refusal to modify custody has a sound and substantial basis in this record and, therefore, we decline to disturb it.

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although petitioner objects to Family Court's receipt of evidence consisting of the entire Marion County Sheriff's criminal file on the basis that it is hearsay, any such error does not require reversal in light of petitioner's own testimony in which she admitted to the charge and described the incident leading to her plea of guilty (see, e.g., Matter of Cynthia C., 234 AD2d 929).