■ MILTON JUMP et al., Appellants, v MAURICE J. JUMP et al., Respondents. [701 NYS2d 503] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Rose, J.), entered April 14, 1998 in Tioga County, upon a decision of the court in favor of defendants.

Defendants Maurice J. Jump (hereinafter defendant) and Loretta Jump purchased a tractor in 1980 which was repossessed in 1985. Thereafter, their son, plaintiff Milton Jump (hereinafter plaintiff) arranged for financing and purchased the tractor from Arsenault Tractor Sales in December 1985. Plaintiff's property is contiguous to a large farm owned by his parents. According to plaintiff, the tractor was kept at his parents' farm most of the time and used by his brothers and defendant, although he had access to it when needed. Plaintiff's brothers, Mark Jump and Matthew Jump (hereinafter collectively referred to as the brothers), made payments to plaintiff in amounts nearly identical to the loan payments. After the loan was paid in full in 1989, they discontinued making payments. Following an unrelated dispute between plaintiff and defendant in 1995, plaintiff threatened to take the tractor prompting defendant to remove it to property owned by defendant Gary Daub in Pennsylvania. Defendant subsequently sold the tractor at auction for $12,000.

In 1996, plaintiff and his wife commenced this action against plaintiff's parents and Daub alleging, *inter alia*, the unlawful conversion of the tractor and seeking its return or, alternatively, its fair market value. Following a nonjury trial, Supreme Court determined that there was an agreement that plaintiff's brothers and parents would acquire the tractor after complet-

ing the loan payments. Supreme Court rendered a judgment in favor of defendants resulting in this appeal.*

Initially, we note that although the Trial Judge presided over a prior unrelated dispute involving the same parties, that was not a basis for mandatory recusal (*see, Greenman v Greenman*, 175 AD2d 360, *appeal dismissed* 78 NY2d 1124), nor did it constitute a legal ground for disqualification under Judiciary Law § 14. Therefore, there is no merit to plaintiff's claim that the Trial Judge should have recused himself.

Turning to the merits, although an appellate court is empowered in a nonjury case to independently consider the probative weight of the evidence and the inferences to be drawn therefrom, deference is accorded the trial court's factual findings particularly where they rest largely upon an assessment of credibility (*see, Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823; *Diaz v State of New York*, 256 AD2d 1010; *Krafchuk v State of New York*, 250 AD2d 962, 964). Notably, where, as here, the issue concerns whether the parties have entered into an oral agreement, "the court looks not to the parties' after-the-fact professed subjective intent, but rather at their objective intent as manifested by their expressed words and conduct at the time of the agreement" (*Winkler v Kingston Hous. Auth.*, *supra*, at 823).

In the instant case, plaintiff testified that he purchased the tractor after it had been repossessed and financed the purchase through Tioga State Bank. He stated on direct examination that he did not receive any financial assistance from his parents or brothers in making the loan payments, although he allowed them to use the tractor. He further stated that his 10-acre parcel of property was adjacent to his parents' 340-acre farm and that he kept the tractor on his parents' property most of the time. He indicated that he asked for the return of the tractor following a dispute with defendant. On cross-examination, plaintiff stated that the loan payments on the tractor were $206.61 per month. When confronted with a number of checks written to him by his brothers in the amount of $206, plaintiff responded that they constituted rental payments for use of the tractor. He denied the existence of any agreement with his parents or brothers under which the tractor would be their property after they made payments satisfying the loan.

Defendant, on the other hand, maintained that at the time

---

* While the notice of appeal is dated prior to the judgment and, therefore, appears premature, we shall in the interest of justice treat the notice as valid (*see,* CPLR 5520 [c]; *Stephens v Sico, Inc.*, 237 AD2d 709, 710, n).

plaintiff purchased the tractor, plaintiff agreed that it would become the property of defendant and his wife when defendant and the brothers satisfied the loan. He stated that plaintiff never requested the return of the tractor until 1995 when they were involved in an unrelated dispute. Mark Jump testified that plaintiff agreed to obtain the return of the tractor for him, his brother and defendant if they made the payments on the loan. He stated that plaintiff represented that they could have the tractor after the loan was paid in full. He indicated that plaintiff did not claim ownership of the tractor until the dispute with defendant. Mark Jump related that no further payments were made to plaintiff for the tractor after the loan was satisfied in 1989. Similarly, Matthew Jump testified that plaintiff agreed to obtain the loan and purchase the tractor if the brothers made the loan payments. According to him, plaintiff indicated that the brothers could have the tractor after the loan was paid in full.

The foregoing evidence supports Supreme Court's finding of an informal agreement that the tractor would become the property of plaintiff's parents and brothers upon their payment of the loan. Inasmuch as this finding is based upon the court's assessment of credibility, we find no reason to disturb it. Therefore, we affirm Supreme Court's judgment.

Mercure, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.