■ MARY A. ABBOTT, Respondent, v HULLETTS ISLAND VIEW MARINA & YACHT CLUB, INC., Appellant, et al., Defendants. [714 NYS2d 584] —Graffeo, J. Appeal from a judgment of the Supreme Court (Lang, Jr., J.), entered July 2, 1999 in Albany County, upon a decision of the court in favor of plaintiff.

In this dispute, plaintiff, a former director and shareholder of defendant Hulletts Island View Marina & Yacht Club, Inc. (hereinafter the corporation), challenged the legality of the corporation's involuntary repurchase of her stock. This matter was previously before us on an appeal from the grant of summary judgment and we refer to our prior decision for a more complete recitation of the relevant facts (*see*, 241 AD2d 658). Briefly stated, plaintiff's stock was repurchased after she failed to participate with the other shareholders and directors of this closely held corporation in providing personal loans to the corporation.

At a shareholders' meeting conducted in January 1993, a majority of the shareholders approved a proposal whereby each shareholder was to loan $18,000 to the corporation in order to pay off a purchase money mortgage held by plaintiff, who objected to the loan terms and abstained from voting on the proposal. Notwithstanding the requirement in the corporate bylaws that any loan be documented by a promissory note payable not more than five years from the date of the note, as initially proposed the loans contained a "rollover" provision allowing for extension of the time for repayment of the principal due plaintiff at the conclusion of the loan term. Notably, a statement that "[t]he loan of principal may be rolled over at the end of [the five] years at terms voted on by the [d]irectors" was included in a written "notice of loan" sent to the shareholders in March 1993. Plaintiff continued to express dissatisfaction with the proposal at a subsequent shareholders meeting and she objected to the loans in writing in May 1993, maintaining that the promissory notes should provide for full repayment at the end of the five-year term.

When the shareholder loans were ultimately consummated at a May 1993 shareholders meeting, the promissory notes is-

sued by the corporation did not contain the proposed rollover provision but instead provided for payment in full after five years. In the prior appeal, this Court noted that the pivotal issue in determining the propriety of the corporation's subsequent involuntary repurchase of plaintiff's stock was whether plaintiff had notice of the actual terms of the promissory notes prior to her refusal to make the loan. Holding that there was a material question of fact on this issue which precluded summary judgment, this matter was remitted to Supreme Court for further proceedings. After a nonjury trial, the court held in plaintiff's favor, finding that the corporation "did not send such notice and Plaintiff did not receive such notice and * * * no one on behalf of the Corporation informed the Plaintiff of the proper terms contained in the promissory note and that she was unaware of these terms." Accordingly, the corporation's involuntary repurchase of plaintiff's share was deemed improper by Supreme Court and judgment was granted reinstating plaintiff as owner of the stock. The corporation now appeals.

It is well settled that "although an appellate court is empowered in a nonjury case to independently consider the probative weight of the evidence and the inferences to be drawn therefrom, deference is accorded the trial court's factual findings particularly where they rest largely upon an assessment of credibility" (*Jump v Jump*, 268 AD2d 709, 710; *see, Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823; *Diaz v State of New York*, 256 AD2d 1010; *Krafchuk v State of New York*, 250 AD2d 962, 964). In this case, plaintiff testified that she did not consent to make the loan because she believed, based on the terms discussed at the time the proposal was approved and the inclusion of the "rollover provision" in the corporation's March 1993 notice of loan, that the promissory notes would not mandate payment in full at the conclusion of five years. At trial, the corporation conceded that the debt rollover proposal would have violated the terms of the shareholders' agreement and bylaws.

Although the president and secretary of the corporation alleged that plaintiff knew that the objectionable provision was not included in the promissory notes finally issued by the corporation, this assertion was not substantiated at the trial. Rather, these witnesses acknowledged that plaintiff was not provided with copies of the documents before or during the May 1993 shareholders meeting and indicated that they were not aware whether anyone had advised plaintiff verbally or in writing that the loan term to which she had voiced an objection had been modified in the final version of the notes.

Under these circumstances, Supreme Court's factual determination that plaintiff lacked notice of the actual terms of the promissory notes presented at the May 1993 shareholders meeting is entitled to deference and will not be disturbed (*see generally, Jump v Jump, supra*; *Winkler v Kingston Hous. Auth., supra*; *Montgomery County Socy. for Prevention of Cruelty to Animals v Bennett-Blue*, 255 AD2d 705, 707-708). As plaintiff indicated at trial her willingness to make the loan under the terms contained in the May 1993 promissory notes, we concur with Supreme Court that she is entitled to ownership of the stock, with all attendant rights and obligations.

We have considered the remaining contentions of the corporation and find them to be without merit.

Cardona, P. J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.