■ In the Matter of TONYA BENNETT, Appellant, v JEFFREY DAVIS, Respondent. [715 NYS2d 96] —Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered March 26, 1999, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody of the parties' child.

The parties, who never married, are the parents of a five-year-old son. They separated after petitioner gave birth and the child remained with petitioner. Petitioner obtained an order of custody and, after a period of time, respondent began regular visitation. Thereafter, petitioner sought to move to Florida with her paramour but respondent objected to the child's relocation. As a result, petitioner consented to an order giving respondent legal custody of their son. Upon petitioner's move back to New York the following summer the parties agreed she would have visitation every weekend with one overnight and eventually attempted to work out a comprehensive visitation schedule.

In the late fall petitioner proposed an arrangement where she would have the child with her during the week rather than in a daycare setting and respondent would have him on the weekends. Respondent would not agree with this arrangement. A few weeks later during a visitation period, petitioner called the child abuse hotline to report that their son told her that he had been sexually abused by respondent. A Child Protective Services (hereinafter CPS) caseworker and Sheriff's Department investigator from petitioner's county of residence, Livingston County, interviewed the child. Petitioner did not return the child to respondent at the expiration of her visitation period but filed a custody modification petition in Chemung County Family Court (respondent, the custodian of the child, resided in Chemung County) seeking custody of their son and obtained an order to show cause granting her temporary custody. The only ground for modification in the petition was the alleged sexual abuse of the child by respondent. The record does not indicate that a Family Court Act article 10 proceeding was brought in either county.

Respondent denied the allegations of sexual abuse during the investigation and filed an affidavit in response to the petition. A preliminary hearing was held on March 10, 1999 at which the investigating Livingston County CPS caseworker testified that the child told him and the Sheriff's Department Investigator that "daddy sticks his wingy in my butt," "it's disgusting" and "maybe I had a dream about it." Two weeks later, at the child's home, the child repeated the statement

about his father's "wingy" to the CPS caseworker. This caseworker also testified that a physical examination of the child by a physician a day after the hotline report revealed no physical indications of sexual abuse. At the conclusion of the March 25, 1999 plenary hearing, Family Court dismissed the petition stating that he had "deep, deep reservations about the underlying truth of the allegations contained in the petition" and restored custody of the child to respondent. Petitioner appeals.

We affirm. It is now well settled that an established custody arrangement will be modified only upon a showing there has been a change in circumstances which will ensure the continued best interests of the child (*see, Matter of Thompson v Thompson*, 267 AD2d 516; *Matter of Decker v Wilson*, 266 AD2d 749; *Matter of Crawson v Crawson*, 263 AD2d 656; *Matter of Duffy v Duffy*, 260 AD2d 960; *Matter of Royea v Hutchings*, 260 AD2d 678). The court's focus must be whether a custody determination can be deemed to be in the best interest of the child (*see, Eschbach v Eschbach*, 56 NY2d 167, 171). The sole allegation of this petition, sexual abuse of the child by respondent, if proven, would constitute a sufficient change in circumstances to change an existing custody arrangement (*see, Matter of Tracy V. v Donald W.*, 220 AD2d 888, 889) but such allegations are subject to the corroboration requirements of Family Court Act § 1046 (a) (vi) (*see, Matter of Daniel R. v Noel R.*, 195 AD2d 704, 707). While our review consists of an independent evaluation of the evidence and we may take such action as we deem appropriate in light of this review (*see, Winkler v Kingston Hous. Auth.*, 259 AD2d 819), Family Court's factual findings are entitled to deference, especially where they are based on an assessment of the credibility of witnesses, and will not be disturbed absent a sound basis in the record (*see, Matter of Decker v Wilson, supra*, at 749; *Winkler v Kingston Hous. Auth., supra*, at 823).

This record reveals no factual basis to disturb Family Court's finding that the allegation of sexual abuse was not sufficiently established. We note from the record the child's revelations were made on the heels of repeated disagreements between the parties regarding weekday and weekend placement of their son, the child's accusatory statements were made in the presence of or immediately after he was with petitioner, the then four-year-old child described the alleged abuse as "disgusting," there was a lack of physical corroboration or any other independent corroboration of sexual abuse, petitioner testified that the child allegedly demonstrated the sexual abuse with

anatomically correct dolls when she was the only other person present, and the child failed to discuss the allegations of sexual abuse with the examining physician.

Such proof provided a firm factual basis for Family Court's reservations regarding the allegations of sexual abuse. The record further reflects respondent's adamant denial of the allegations and the child's failure to reveal any allegations of sexual or any other abuse by respondent to the subsequently assigned Chemung County CPS caseworker who investigated this case. Added to these facts is the weight to be afforded petitioner's testimony in light of her criminal history which includes a series of petit larceny convictions and two convictions for falsely reporting incidents to authorities, one conviction resulting from her plea to such a charge just days before this Family Court hearing. Perhaps most disturbing to this Court, and, from this record apparently to Family Court as well, was that petitioner's request for relief in this proceeding reflected the same custodial arrangement she unsuccessfully proposed to respondent a few weeks before she made this hotline report, despite the fact this would have provided respondent, an alleged child sex abuser, with overnight weekend visitation.

Finally, we note that the Law Guardian, who represented the child throughout this proceeding, supported Family Court's decision to dismiss the petition herein.

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.