■ STANLEY DZEK, Respondent, v DESCO VITROGLAZE OF SCHENECTADY, INC., Appellant. [727 NYS2d 814] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Lomanto, J.), entered April 18, 2000 in Schenectady County, upon a decision of the court in favor of plaintiff.

Plaintiff commenced this action sounding in breach of contract and unjust enrichment against defendant in July 1998 alleging, *inter alia*, that defendant had breached an oral agreement regarding certain floor refinishing work to be performed on a building located in Schenectady County. Specifically, plaintiff, the owner of a business engaged in concrete restoration and floor resurfacing, alleges that he offered defendant, a contractor specializing in commercial floor treatments and finishes, a subcontract to perform work at a certain location, in exchange for which defendant agreed to pay plaintiff a commission amounting to 10% of the gross proceeds derived therefrom. Although defendant initially tendered certain sums to plaintiff, it failed to pay the full amount allegedly due under the parties' agreement, prompting plaintiff to commence this lawsuit. Following joinder of issue, a nonjury trial ensued, at the conclusion of which Supreme Court found in favor of plaintiff and awarded damages in the amount of $8,885, together with interest and costs. Defendant now appeals.

We affirm. Although this Court indeed is empowered in reviewing the decision rendered following a nonjury trial to independently consider the probative weight of the evidence and the inferences to be drawn therefrom, we nonetheless accord deference to the trial court's factual findings, particularly where such findings rest in large measure upon an assessment

of the witnesses' credibility (*see, Clifford R. Gray, Inc. v City School Dist.*, 277 AD2d 843, 845; *Abbott v Huletts Is. View Marina & Yacht Club*, 276 AD2d 972, 973). Additionally, where, as here, the issue centers upon whether the parties in question have entered into an oral agreement, " 'the court looks not to the parties' after-the-fact professed subjective intent, but rather at their objective intent as manifested by their expressed words and conduct at the time of the agreement' " (*Jump v Jump*, 268 AD2d 709, 710, quoting *Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823).

Although defendant's president, Joseph Cordi, denied at trial that he agreed to pay plaintiff a 10% "off the top" commission, the testimony offered by plaintiff, together with the documentary evidence and the transcript of a tape-recorded conversation between plaintiff and Cordi, which was entered into evidence at trial, was more than sufficient to permit Supreme Court to conclude that an oral contract indeed existed between plaintiff and defendant. Specifically, the record reflects that within days of receiving a $5,200 payment for work performed on the underlying subcontract, defendant issued a check to plaintiff in the amount of $520. Shortly thereafter, defendant received another payment in the amount of $26,500 and issued a check to plaintiff in the amount of $2,595. Although Cordi testified that he paid such sums simply "to get [plaintiff] out of [his] hair," the correlation between the payments received and the sums subsequently tendered by defendant casts significant doubt upon Cordi's credibility (*see, Jump v Jump, supra*, at 710). Additionally, during the tape-recorded conversation, Cordi acknowledged that "the original deal was [for plaintiff to receive] $11,800" and that defendant had paid plaintiff $3,115, leaving a balance due of approximately $8,600. In light of such evidence, we cannot say that Supreme Court erred in finding that an oral contract existed between plaintiff and defendant.

As to defendant's Statute of Frauds defense (*see*, General Obligations Law § 5-701 [a] [10]), a party's admission to the essential terms and actual existence of the alleged oral contract is sufficient to take the agreement outside the scope of the Statute of Frauds (*see, Cohon & Co. v Russell*, 23 NY2d 569, 575; *compare, Williams v Lynch*, 245 AD2d 715, *appeal dismissed* 91 NY2d 957 [party's admission as to certain aspects of the alleged agreement insufficient where party denied other, material terms thereof]; *Tallini v Business Air*, 148 AD2d 828 [party's admission as to existence of employment contract insufficient where the essential terms thereof remained in dispute]). As noted previously, Cordi admitted during the

course of the tape-recorded conversation with plaintiff that defendant was to pay plaintiff $11,800 in connection with the subcontract work performed by defendant; Cordi further acknowledged the sums paid and the balance due. In our view, Cordi's statements outlining the terms of the arrangement with plaintiff are sufficient to constitute an admission and, as such, the oral agreement between the parties is not barred by the Statute of Frauds. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.