■ NORTH BRIGHT CAPITAL, LLC, Respondent, v 705 FLATBUSH REALTY, LLC, et al., Appellants, et al., Defendants. [889 NYS2d 596]—

In an action to foreclose a mortgage, the defendants 705 Flatbush Realty, LLC, and Eli Weinstein appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated August 27, 2008, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, North Bright Capital, LLC (hereinafter North Bright), was entitled by assignment to the payment of a

mortgage and note from the defendants 705 Flatbush Realty, LLC, and Eli Weinstein (hereinafter together the defendants). The Supreme Court granted North Bright's motion for summary judgment, and the defendants appeal. We affirm.

North Bright established its prima facie entitlement to summary judgment by providing evidence of the assignment, the mortgage, the note, and the defendants' default (*see Countrywide Home Loans, Inc. v Delphonse*, 64 AD3d 624, 625 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244-245 [2007]; *Marculescu v Ovanez*, 27 AD3d 701 [2006]).

In opposition, the defendants failed to raise a triable issue of fact. The mortgage provides that its terms could not be changed except by a writing signed by the party against whom a change is sought to be enforced. The defendants did not dispute the nonpayment of moneys due, but instead argued that the parties had orally agreed to a forbearance, on which basis North Bright should be estopped from proceeding with the foreclosure. However, any forbearance discussed by the parties is not enforceable absent a writing signed by North Bright, as required by the mortgage (*see Chemical Bank v Broadway 55-56th St. Assoc.*, 220 AD2d 308 [1995]) and by the statute of frauds (*see* General Obligations Law § 15-301 [1]; *Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 795 [2002]). The defendants failed to proffer any written forbearance agreement.

Although the defendants argue that they fall within one of the recognized exceptions to the statute of frauds, based upon Northbright's alleged admission to the Supreme Court that the parties had discussed a forbearance of the mortgage and note, this argument is unavailing. As the parties dispute the very terms and conditions of the alleged oral forbearance, their discussions do not qualify as a substitute for the required writing (*see Fleet Bank v Pine Knoll Corp.*, 290 AD2d at 795; *Dzek v Desco Vitroglaze of Schenectady*, 285 AD2d 926, 927 [2001]; *Jump v Jump*, 268 AD2d 709, 710 [2000]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.