Deutsche Bank Natl. Trust Co. v Szal (2021 NY Slip Op 02274)





Deutsche Bank Natl. Trust Co. v Szal


2021 NY Slip Op 02274


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-10778
 (Index No. 3069/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Dennis Szal, etc., appellant, et al., defendants.


Scott J. Gilmore, Massapequa Park, NY, for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dennis Szal appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered May 25, 2017. The order, insofar as appealed from, granted the plaintiff's motion for a judgment of foreclosure and sale, and, upon reargument, adhered to a determination in an order of the same court entered August 10, 2016, granting those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Dennis Szal, to strike that defendant's answer, and for an order of reference, and denying that defendant's prior cross motion for summary judgment on his counterclaim alleging breach of contract.
ORDERED that the order entered May 25, 2017, is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for a judgment of foreclosure and sale, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof, upon reargument, adhering to the determination in the order entered August 10, 2016, granting those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant Dennis Szal, to strike that defendant's answer, and for an order of reference, and substituting therefor a provision, upon reargument, vacating that determination in the order entered August 10, 2016, and thereupon, denying those branches of the prior motion; as so modified, the order entered May 25, 2017, is affirmed insofar as appealed from, with costs to the defendant Dennis Szal.
On April 6, 2005, the defendant Dennis Szal executed a note in the sum of $400,000 in favor of nonparty IndyMac Bank, F.S.B. (hereinafter IndyMac). The note was secured by a mortgage on residential property located in Massapequa Park.
On or about March 2, 2012, the plaintiff, IndyMac's successor in interest, commenced this action to foreclose the mortgage against Szal, among others. The plaintiff attached the mortgage to the complaint. Szal joined issue by the service of an answer, in which he asserted a counterclaim for breach of contract, alleging that he entered into a forbearance agreement with IndyMac, in which IndyMac agreed to suspend a foreclosure action in exchange for certain payments made by Szal.
On or about November 27, 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Szal, to strike his answer, and for an order of reference. In support, the plaintiff submitted the affidavit of Cynthia Wallace of Specialized Loan Servicing, LLC (hereinafter SLS), the plaintiff's loan servicer. Wallace averred that she was familiar [*2]with SLS's records and recordkeeping practices and that "[t]he [n]ote has been endorsed in blank and delivered to [p]laintiff or its agent, and the original [n]ote is currently and has been physically held by [p]laintiff, or [p]laintiff's agent, prior to commencement of this action." She attached the note to her affidavit. An endorsement in blank appears on a blank page attached to the note.
Szal opposed the plaintiff's motion, and cross-moved for summary judgment on his counterclaim alleging breach of the forbearance agreement. In support of the cross motion, Szal submitted the forbearance agreement with IndyMac dated August 25, 2009, in which IndyMac agreed to suspend a foreclosure action in exchange for six payments to be made by specific dates. The forbearance agreement is signed only by Szal. Szal further submitted evidence that he wired the first payment of $16,999.34 to IndyMac on August 25, 2009.
In an order entered August 10, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Szal, to strike his answer, and for an order of reference, and denied Szal's cross motion for summary judgment on his counterclaim.
On or about December 28, 2016, the plaintiff moved for a judgment of foreclosure and sale. Szal opposed the plaintiff's motion, and cross-moved for leave to reargue his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against Szal, to strike his answer, and for an order of reference, and his prior cross motion for summary judgment on his counterclaim.
In an order entered May 25, 2017, the Supreme Court granted leave to reargue, and, upon reargument, adhered to the original determination in the order entered August 10, 2016. The court also granted the plaintiff's motion for a judgment of foreclosure and sale, finding that the plaintiff had established standing. Szal appeals.
A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Services, LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280).
Although the plaintiff can establish standing by attaching the blank-endorsed note to the complaint when commencing the action (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726), here, the record demonstrates that the plaintiff only attached the mortgage to the complaint. Moreover, although Wallace stated in her affidavit, based on her review of certain business records, that the plaintiff or its agent had possession of the note prior to commencement, the affidavit was insufficient to establish standing because the records themselves were not submitted by the plaintiff (see Deutsche Bank v Natl. Trust Co. v Schmelzinger, 189 AD3d 1173, 1175; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206).
Since the plaintiff failed to establish standing, the Supreme Court should have denied the plaintiff's motion for a judgment of foreclosure and sale, and, upon reargument, should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Szal, to strike his answer, and for an order of reference.
However, upon reargument, the Supreme Court properly adhered its original determination denying Szal's cross motion for summary judgment on his counterclaim alleging breach of contract. Where, as here, a mortgage contains a provision to the effect that it cannot be changed orally, a mortgage forbearance agreement is not enforceable unless signed by the party against whom it is to be enforced (see General Obligations Law § 15-301[1]; North Bright Capital, LLC v 705 Flatbush Realty, LLC, 66 AD3d 977, 978). Here, the forbearance agreement is signed [*3]only by Szal. There is no evidence in the record that IndyMac agreed to the conditions in the forbearance agreement. Moreover, Szal failed to submit any evidence to demonstrate that he complied with the forbearance agreement by its own terms, since he provided evidence that he made only one of the six payments required by the agreement.
Szal's remaining contention is without merit.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court