Deutsche Bank Natl. Trust Co. v Szal (2026 NY Slip Op 00878)

Deutsche Bank Natl. Trust Co. v Szal

2026 NY Slip Op 00878

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-08324
 (Index No. 3069/12)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vDennis Szal, etc., appellant, et al., defendants.

Scott J. Gilmore, Massapequa Park, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dennis Szal appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered April 18, 2024. The order, insofar as appealed from, denied that branch of that defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 9, 2012, the plaintiff commenced this action against the defendant Dennis Szal (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Massapequa Park. The defendant interposed an answer, asserting various affirmative defenses, including lack of standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order entered August 10, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The plaintiff moved for a judgment of foreclosure and sale, and the defendant cross-moved, inter alia, for leave to reargue his opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and for an order of reference. In an order entered May 25, 2017, the court granted leave to reargue, and, upon reargument, adhered to the original determination in the order entered August 10, 2016. The court also granted the plaintiff's motion for a judgment of foreclosure and sale, determining that the plaintiff had established standing. The defendant appealed, and in a decision and order dated April 14, 2021, this Court modified the order entered May 25, 2017, so as to deny the plaintiff's motion for a judgment of foreclosure and sale, and, upon reargument, to vacate the determination in the order entered August 10, 2016, and thereupon, to deny those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, determining that the plaintiff failed to establish standing (see Deutsche Bank Natl. Trust Co. v Szal, 193 AD3d 816).
The defendant subsequently cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him, contending that dismissal was required "in [*2]view of [this Court's] holding that the plaintiff did not establish standing to commence this action in 2012." In an order entered April 18, 2024, the Supreme Court, inter alia, denied that branch of the defendant's cross-motion. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him. On a motion to dismiss for lack of standing, "the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Wells Fargo Bank, N.A. v Taylor, 212 AD3d 685, 687 [internal quotation marks omitted]). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; U.S. Bank N.A. v Hadar, 206 AD3d 688, 689). Here, in our prior decision and order, this Court held that the plaintiff failed to establish standing since its evidence was insufficient to demonstrate that it had possession of the note prior to commencing this action (see Deutsche Bank Natl. Trust Co. v Szal, 193 AD3d 816). However, the plaintiff's failure to establish, prima facie, that it had standing to enforce the mortgage does not satisfy the defendant's burden to establish the plaintiff's lack of standing, and, in support of his cross-motion, the defendant failed to submit any evidence to establish, prima facie, that the plaintiff lacked standing to enforce the mortgage (see Deutsche Bank Natl. Trust Co. v PJK Holdings, LLC, 232 AD3d 765, 767; BAC Home Loans Servicing, LP v Rychik, 161 AD3d 924, 925-926).
Accordingly, the Supreme Court properly denied that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court