■ NORTHWAY ENGINEERING, INC., Respondent, v HIGHLAND RETIREMENT CENTER et al., Appellants, et al., Defendants. (Action No. 1.) NORTHWAY ENGINEERING, INC., Plaintiff, v PEERLESS INSURANCE COMPANY et al., Defendants. (Action No. 2.) NORTHWAY ENGINEERING, INC., Respondent, v PEERLESS INSURANCE COMPANY et al., Appellants. (Action No. 3.) — Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered June 15, 1983 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment in actions Nos. 1 and 3. ¶ Defendants in action No. 3, a suit commenced in 1979 to recover upon a $130,000 bond filed pursuant to section 37 of the Lien Law, are the surety, Peerless Insurance Company (Peerless), the general construction contractor, Scotia 50 Ventures, Inc. (Scotia 50), and the owner, Highland Retirement Center (Highland), of a nursing home for which plaintiff subcontracted to supply necessary mechanical, plumbing and heating work. The aggregate amount due plaintiff under the subcontract was $566,326. When the general contractor failed to pay the balance due of approximately $100,848.23, plaintiff filed a notice of mechanic's lien in the sum of $105,378.23 with interest and, in September, 1978, commenced action No. 1 against Scotia 50, Highland and others setting forth the following causes of action: (1) to foreclose the mechanic's lien; (2) *quantum meruit;* (3) account stated; (4) breach of contract; and (5) failure to pay a promissory note. On January 15, 1980, an order was entered granting plaintiff summary judgment on the latter four causes of action and the court directed a trial on the issue of damages. An inquest was thereafter held and the court found for plaintiff in the sum of $99,213.12 plus interest, costs and disbursements, totaling $123,839.28. A judgment in plaintiff's favor ultimately was entered on April 27, 1982. Neither the order granting plaintiff partial summary judgment nor the judgment entered on the damages inquest were appealed. Thereafter, plaintiff moved for, *inter alia,* summary judgment on the mechanic's lien cause of action asserted in action No. 1 and to recover on the bond posted in action No. 3 to discharge that lien; Special Term granted summary judgment to plaintiff, severed defendants' counterclaims and allowed them to proceed. This appeal followed. ¶ Having failed to appeal from the prior orders, plaintiff's right to prevail against Scotia 50 was established and defendants are now collaterally estopped from contesting their liability for

$99,213.25 in damages plus interest, costs and disbursements, regardless of any future determination as to Scotia 50's counterclaims. Defendants' assertions of untimely completion and unworkmanlike performance of the contract by plaintiff are the very same allegations that the court found insufficient to prevent summary judgment on the issue of liability in action No. 1 and also in the hearing on damages which followed. In this regard, it is noteworthy that the court at the damages hearing found that in a sworn certificate submitted to the Federal Housing Administration, Scotia 50 admitted its contractual obligation to pay plaintiff $107,378.23 and was thus barred from refusing to meet this obligation. Additionally, merely advancing a counterclaim, unsupported by proof that it has merit (here there is no evidence respecting the cost of repairing plaintiff's allegedly defective and incomplete work), does not bar relief to a plaintiff who is otherwise entitled to summary judgment (*M & S Mercury Air Conditioning Corp. v Rodolitz,* 24 AD2d 873, 874, affd 17 NY2d 909). ¶ In its own behalf, Peerless also argues that summary judgment should not have been awarded against it for $123,839.38 because $70,000 of that sum represented Scotia 50's obligation on a promissory note given to plaintiff for which Peerless was not a surety. Peerless relies on section 3-802 of the Uniform Commercial Code, in conjunction with the inquest court's statement made when ascertaining the damages that the note was an "unconditional partial payment in contemplation of full payment", as evidence that the unsatisfied promissory note of $70,000 was intended to discharge the underlying debt by this amount. However, the note represented only a portion of the amount due plaintiff; without any evidence of a contrary intent, plaintiff cannot be found to have waived its right to collect the entire underlying debt merely by taking the note (see *Central Stone Co. v John Ruggiero, Inc.,* 49 Misc 2d 622). While plaintiff had a judgment against Scotia 50 for breach of contract, *quantum meruit* and account stated, as well as on the promissory note, that judgment remained unsatisfied; hence, plaintiff was still free to foreclose on the mechanic's lien to recover the entire debt (*Van Etten v Sphinx Holding Corp.,* 114 Misc 436, 443, affd 197 App Div 929; see CPLR 3002, subd [a]). ¶ Order and judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.