■ Jeanette De Stefano, Appellant, v Daniel De Stefano, Respondent.—In a matrimonial action, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Queens County (Miller, J.), dated March 8, 1984, which, *inter alia,* (1) denied her a distributive award based upon the value of the defendant husband's medical license and her contributions thereto, (2) denied her claim for the cost of the completion of her doctoral program, and (3) awarded her a counsel fee of only $1,500.

Judgment modified, by deleting the provisions thereof which denied the wife a distributive award based upon the value of the defendant husband's medical license and denied her the cost of completion of her doctoral program. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements and matter remitted to the Supreme Court, Queens County, for a new trial on those issues and for further proceedings in accordance herewith.

Relying upon *Conner v Conner* (97 AD2d 88), Special Term held that the husband's medical license, which was acquired during the marriage, was not marital property subject to equitable distribution. The court went on to hold that the parties had elected to treat their marriage as an arm's length transaction and directed that the wife be reimbursed for all the moneys she expended on behalf of the husband during the time the wife was working full time and the husband was studying medicine. Subsequent to that ruling by Special Term, the Court of Appeals determined that a medical license does constitute marital property subject to equitable distribution *(see, O'Brien v O'Brien,* 66 NY2d 576). The Court of Appeals has also suggested that the fact that the working spouse may be entitled to reimbursement of his or her direct financial contributions does not mean that he or she may not also be entitled to an equitable portion of the medical license *(O'Brien v O'Brien, supra,* pp 586-587). Obviously, that will depend upon the facts and circumstances and any agreement the parties may have entered into with respect to the subject. Although here the wife protected her financial interest by keeping detailed records of all moneys expended on the husband while he was pursuing his studies, and the husband

signed promissory notes to the wife which represented more than half of the indebtedness, there is some evidence in the record which may support the conclusion that the parties did not intend that dollar-for-dollar reimbursement was to be the wife's sole recompense for her financial contribution to the husband's studies. That being so, there must be a new trial to determine the exact nature of the parties' agreement and, if it be found that the parties did not intend reimbursement to be the wife's sole recompense, to further determine the value of the husband's medical license and the wife's equitable share thereof. In view of this determination and the possible interrelationship of these issues with the wife's claim that the husband also agreed to finance the completion of her doctoral program, the question of whether the husband should be required to pay for the balance of the wife's doctoral program should also be resolved at the new trial.

Although each of the notes provided for the payment by the husband to the wife of 20% attorney's fees, plus costs and other charges in the event of the husband's default in payment, the wife was entitled only to reasonable attorney's fees (see, Federal Deposit Ins. Corp. v Kassel, 72 AD2d 787; Federal Deposit Ins. Corp. v Park Lane Realty Assoc., 72 AD2d 788; Seidenberg v Ostojic, 79 AD2d 1020). Under the circumstances, an attorney's fee of $1,500 was reasonable.

In light of the above, the matter is remitted for a new trial in accordance herewith. Gibbons, J. P., Weinstein, Niehoff and Eiber, JJ., concur.