■ HEADQUARTERS REST. CORP. et al., Appellants, v RELIANCE VENDING COMPANY, Respondent.—In an action, inter alia, to vacate a judgment by confession, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (McCabe, J.), entered August 12, 1986, which, inter alia, dismissed the complaint, granted the defendant's counterclaim for an accounting, and set a date for a hearing on the issue of reasonable attorney's fees unless the defendant agreed to accept $5,000 as reasonable attorney's fees.

Ordered that the order and judgment is modified, on the law, by (1) deleting the first, third, fourth, fifth and sixth

decretal paragraphs thereof, and substituting therefor provisions (a) granting judgment to the plaintiffs with respect to the parties' "Installation, Operation & Security Agreement", and vacating the judgment by confession insofar as it relates to that agreement, and (b) granting judgment to the defendant with respect to the $10,000 loan made by it to the plaintiff Headquarters Rest Corp., and guaranteed by the plaintiff Arthur Hoffman, and dismissing the plaintiffs' complaint with respect thereto, (2) adding to the second decretal paragraph thereof, following the word "accounting", the words "with regard to the balance of the loan outstanding", and (3) deleting that portion of the seventh decretal paragraph commencing with the word "unless" and ending with the word "matter"; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In June 1982, the plaintiff Headquarters Rest Corp. (hereinafter Headquarters), by its president, Arthur Hoffman, entered into a contract with the defendant Reliance Vending Company (hereinafter Reliance) for the installation and maintenance of amusement devices (hereinafter the installation contract). Hoffman personally guaranteed Headquarters' obligations under the installation contract. The installation contract, which ran for a term of seven years, provided that Reliance was to receive a weekly "guaranteed minimum" of $50 from each machine installed on Headquarters' premises. Hoffman also received a personal loan from Reliance of $10,000, which was to be repaid within one year in $200 weekly installments, beginning in July 1982.

Hoffman signed an affidavit of confession of judgment which called for acceleration of all installments due on the loan in the event that he failed to make a payment, and acceleration of all weekly guarantees under the installation contract in the event of a default in the terms and conditions of the contract. Additionally, it provided for attorney's fees of 20% of any judgment entered.

As a result of Hoffman's failure to make payments under the installation contract and on the loan, Reliance entered a judgment by confession in October 1982. In 1984, the plaintiffs commenced this action to vacate the judgment. The trial court found that there was no reason to vacate the judgment since neither the installation contract nor the loan represented unconscionable transactions. However, the court ordered a hearing on the issue of reasonable attorney's fees, unless the

defendant agreed to accept $5,000 in lieu of the 20% attorney's fees provided for in the confession of judgment.

On appeal, the plaintiffs argue that the provision in the confession of judgment allowing for attorney's fees of 20% is against public policy, thereby rendering the judgment unenforceable. Our courts have the inherent and statutory authority to regulate attorney's fees and to determine if a particular fee is reasonable *(see, Matter of First Natl. Bank v Brower,* 42 NY2d 471; *De Stefano v De Stefano,* 119 AD2d 793). Thus, a 20% fee which is reasonable under the circumstances will be upheld *(see, Franklin Natl. Bank v Wall St. Commercial Corp.,* 21 AD2d 878; *General Lbr. Corp. v Landa,* 13 AD2d 804). In the case at bar, the trial court gave the defendant the option of accepting reduced attorney's fees of $5,000 without setting forth the basis for its decision. The evidence in the record indicates that even this reduction may result in a disproportionately large fee since the attorney did not testify to the actual legal work performed. Therefore, a hearing is required on the issue of reasonable attorney's fees.

The plaintiffs further contend that the acceleration clauses contained in both the installation contract and the confession of judgment represent a penalty and should not be enforced. "Generally, where a [contract] provides for acceleration as a result of breach of any of its terms, however trivial or inconsequential, such a provision is likely to be considered an unconscionable penalty" *(Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573, 577, *rearg denied* 47 NY2d 801; *see, Vernitron Corp. v CF 48 Assocs.,* 104 AD2d 409; *Fairfield Lease Corp. v Marsi Dress Corp.,* 60 Misc 2d 363). The record is clear that both the installation contract and the confession of judgment gave the defendant the right to accelerate the contract payments based on any default, and even though acceleration was the result of the plaintiffs' failure to make the very payments which then became due, this does not render the offending provisions contained in the installation contract any less unconscionable *(see, Fifty States Mgt. Corp. v Pioneer Auto Parks, supra; Vernitron Corp. v CF 48 Assocs., supra).* Although acceleration of the payments due under the installation contract may have constituted a penalty, the acceleration of the installments due on the $10,000 loan in the event of default was proper since in the former, the payments had not yet been earned, whereas, in the latter, the consideration had been furnished *(see, Fairfield Lease Corp. v Marsi Dress Corp., supra,* at 365).

The plaintiffs' final contention that they are entitled to

punitive damages is without merit, since the record reveals that the actions of the defendant did not represent "a gross and wanton fraud upon the public" *(Walker v Sheldon,* 10 NY2d 401, 406; *Fleming v Allstate Ins. Co.,* 106 AD2d 426). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.