■ JOHN TOTH, Respondent, v CARVER STREET ASSOCIATES, Appellant. [595 NYS2d 236] —In an action for specific performance of an option to purchase real property, the defendant appeals, as limited by its brief, from (1) so much of a "short form" order of the Supreme Court, Suffolk County (Underwood, J.), dated November 29, 1990, as denied its motion for summary judgment dismissing the complaint, and for summary judgment on its counterclaims, and (2) so much of a resettled order of the same court, dated February 11, 1991, as denied the same relief.

Ordered that the appeal from the order dated November 29, 1990, is dismissed, as that order was superseded by the order dated February 11, 1991; and it is further,

Ordered that the order dated February 11, 1991, is modified, on the law, by (1) deleting the provision thereof which denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefore a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment on so much of its first counterclaim as was to recover damages in the principal amount of $4698 representing unpaid rent, taxes, and insurance for the month of August 1986, plus interest, and substituting therefore a provision granting that relief; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment in the principal amount of $4698; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff operated a business at the defendant's premises under a long-term sublease. On July 6, 1984, the defendant offered the plaintiff a written option to purchase the premises upon specified terms. The option was to expire on July 31, 1984. The plaintiff testified at his deposition that he instructed his attorney to exercise the option on July 30, 1984, and received confirmation from his attorney that the option had been exercised. The record contains no evidence in admissible form that the option was in fact exercised on July 30, 1984. The plaintiff did submit several letters written by his attorney and addressed to the defendant, all dated after July 31, 1984, purporting to confirm that the option had been exercised. However, those letters constitute inadmissable hearsay and do not fall within any exception to the hearsay rule. Nor does the record contain an affidavit or deposition testimony by the plaintiff's attorney stating that he timely exercised the option. While facts alleged by the party opposing a summary judgment motion must be taken as true (see, O'Neill v Town of Fishkill, 134 AD2d 487), there must be evidentiary proof of such facts in admissible form in order to defeat a motion for summary judgment (see, Majestic Farms Supply v Surowiec, 160 AD2d 777). Since there is no such proof here, the defendant is awarded summary judgment dismissing the complaint. It is also clear that the defendant is entitled to summary judgment on so much of its first counterclaim as sought payment of rent, taxes, and insurance for the month of August 1986, plus interest.

As to the remainder of the counterclaims, issues of fact exist as to whether the plaintiff owes rent, taxes, and insurance for the month of September 1986, and whether the plaintiff is liable for costs allegedly incurred by the defendant in repairing damage caused by the plaintiff to the premises. Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.