■ GRIMM BUILDING MATERIAL COMPANY, INC., Respondent, v RUSS FREEMAN EXCAVATING, INC. et al., Appellants. [598 NYS2d 401] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Spain, J.), entered May 18, 1992 in Rensselaer County, which, *inter alia,* granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff in this action seeks to recover $5,399.65, the amount it claims is due and owing for goods sold, delivered and accepted by defendants, plus interest and counsel fees. Suit was commenced by service of a summons and verified complaint. In their answer defendants interposed a counterclaim seeking $13,500 for damages allegedly caused by defects in the goods. Plaintiff replied and thereafter moved for summary judgment on the complaint, dismissal of the counterclaim and an assessment of counsel fees. Supreme Court, over defendants' opposition, granted plaintiff's motion, and defendants appeal.

We affirm. In support of its motion for summary judgment, plaintiff submitted, along with copies of the verified pleadings, a statement of account, invoices totaling the amount claimed to be due and owing, a "credit application and agreement" signed by defendant Russell E. Freeman, and the affidavit of plaintiff's president. Through these documents, plaintiff established prima facie entitlement to summary judgment and shifted to defendants the burden of coming forth with evidentiary proof, in admissible form, sufficient to raise a material question of fact or a reasonable excuse for failing to do so *(see,*

*US 7 v Transamerica Ins. Co.,* 173 AD2d 311, 312; *Chemical Bank v Queen Wire & Nail,* 75 AD2d 999, 1000).

To this end, defendants submitted the affidavit of Freeman. This affidavit, however, fails to provide any support for the general denials set forth in the answer; nor does it contain any evidence of the claimed defects. It does not specify which goods were defective or in what way they were defective. Freeman's assertions that defendants had notified plaintiff of the defects, even when accepted as true, as they must be at this juncture, do not establish that the goods were actually defective. In short, defendants' proof does not raise a genuine issue of fact with regard to the allegedly defective nature of the products *(see, State Bank v McAuliffe,* 97 AD2d 607, 608), the only defense asserted. Finally, defendants' contrary arguments notwithstanding, mere assertion of an unsubstantiated counterclaim will not preclude summary judgment on the complaint *(see, Polyglycoat Ctr. v Arace's Ford,* 126 AD2d 844, 845; *Northway Eng'g v Highland Retirement Ctr.,* 101 AD2d 641, 642, *lv denied* 63 NY2d 601).

As for the counterclaim, Freeman's affidavit contained only the general averments of notice previously referred to, along with a statement that "[he] believes that after discovery is completed, * * * defendants will possess testimonial evidence sufficient to be awarded judgment" on the counterclaim. No showing was made that evidence necessary to establish the validity of the counterclaim is exclusively in the possession of plaintiff; to the contrary, defendants, as recipients of the allegedly damaged goods, are in the best position to know of the defects and the damages they allegedly caused. Freeman's speculation that some evidence may come to light during discovery is insufficient to bar summary judgment *(see, Denkensohn v Davenport,* 130 AD2d 860, 861). Because no evidence giving substance to the counterclaim was presented, it was properly dismissed *(see, General Bldg. Supply Corp. v Shapn, Inc.,* 35 AD2d 550, 550-551).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order and judgment are affirmed, with costs.