■ FLEET CREDIT CORPORATION, Respondent, v HARVEY HUTTER & Co., INC., et al., Appellants. [615 NYS2d 702] —In an action to recover the balance due under two leases, the defendants appeal from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered December 1, 1992, which, upon an order of the same court, dated October 24, 1992, granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against them in the principal sum of $17,495.55,

and which awarded the plaintiff attorneys' fees in the sum of $4,373.89.

Ordered that the judgment is modified, by deleting the provision thereof which awarded the plaintiff attorneys' fees; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing on the issue of the reasonableness of the attorneys' fees and for the entry of an appropriate amended judgment in accordance herewith.

Contrary to the defendants' contention, the plaintiff satisfied its initial burden of coming forward with admissible evidence to support its motion for summary judgment by submitting the affidavit of its accounts receivable manager, together with documentary evidence including the verified pleadings, the subject leases, and two statements of account reflecting the amount claimed to be due and owing (see, *Grimm Bldg. Material Co. v Freeman Excavating*, 194 AD2d 857). The burden thus shifted to the defendants to demonstrate the existence of a triable issue of fact warranting denial of the motion (see, CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067; *Lennox Indus. v Bier & Assocs.*, 201 AD2d 539), and the defendants' unsubstantiated claim that the leased computers and software equipment, which the corporate defendant had retained for nearly four years, did not function as expected, was insufficient to preclude summary judgment (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Grimm Bldg. Material Co. v Freeman Excavating, supra; Toth v Carver St. Assocs.*, 191 AD2d 631).

However, the Supreme Court erred in awarding the plaintiff attorneys' fees in a sum amounting to 25% of the total principal sum of the judgment, without conducting a hearing to determine whether the request for attorneys' fees was reasonable (see, *Matter of First Natl. Bank v Brower*, 42 NY2d 471; *Coniglio v Regan*, 186 AD2d 709; *Marshall v New York City Health & Hosps. Corp.*, 186 AD2d 542; *Headquarters Rest. Corp. v Reliance Vending Co.*, 133 AD2d 444). Accordingly, the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine reasonable attorneys' fees. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.