■ GLENCOE LEATHER CORPORATION, Appellant, v ALBERT PARILLO, Respondent. [674 NYS2d 509] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered October 24, 1997 in Fulton County, upon a decision of the court in favor of plaintiff.

Plaintiff, a leather goods manufacturer, commenced this action to recover $3,447.64, the balance allegedly due and owing on defendant's account for purchases made between August 1991 and October 1992. After issue was joined, plaintiff moved for summary judgment, tendering proof in the form of invoices, an account statement and the affidavit of its manager, who attested to the accuracy of the documentary evidence and the fact that defendant had received all of the items for which he had been charged. In opposition, defendant averred, in conclusory fashion, that plaintiff's account statement did not reflect all of the payments he had made and that he had not received all of the goods listed thereon.

Following oral argument, Supreme Court entered an order granting the motion "on the issue of liability on the part of the defendant for the merchandise detailed in the invoices" and adjourned the matter for a hearing at which defendant (who appeared *pro se*) was to be afforded an opportunity to proffer whatever further evidence of payment he might possess. At the hearing, defendant produced no relevant evidence of payment, but did testify that he had not received one of the items listed on one of the 1991 invoices (No. 3443), for which he was being charged $3,434.63. In a further attempt to cast doubt on the veracity of plaintiff's records, defendant sought to show that at least one other invoice (No. 3614), which he had received and paid, was not included on the account summary.

Supreme Court, finding that plaintiff's records were not accurate and evidently crediting defendant's testimony with respect to invoice No. 3443, granted him a credit in the amount of $3,434.63 and directed that a judgment be entered in plaintiff's favor in the amount of $13.01. Plaintiff appeals.

In support of its motion, plaintiff proffered sufficient evidence to demonstrate, prima facie, that it was entitled to judgment for the amount sought in the complaint (*see, Fleet Credit Corp. v Hutter & Co.*, 207 AD2d 380, 381). As defendant's op-

position papers did not raise any material factual question that would bar the relief sought, Supreme Court did not err in initially finding in plaintiff's favor with respect to whether defendant had received the goods for which he was being charged.

Given this ruling on liability and defendant's failure to come forth with any specific evidence on the only remaining issue—that of payment—Supreme Court would have been justified in granting plaintiff the relief it sought (see, Grimm Bldg. Material Co. v Freeman Excavating, 194 AD2d 857, 858); nevertheless, it was not imprudent, under the circumstances, to reopen the prior holding (see, Aridas v Caserta, 41 NY2d 1059, 1061; McMahon v City of New York, 105 AD2d 101, 105-106) to consider defendant's belated testimony that he did not take delivery of one of the lots for which he had been charged. In light of the contrary averment made by plaintiff's manager, however, that testimony merely created a question of fact requiring a trial to resolve whether defendant had indeed received the item in question (see, O'Sullivan v Presbyterian Hosp., 217 AD2d 98, 100-101; Dependable Lists v Malek, 98 AD2d 679, 680, appeal dismissed 62 NY2d 645).

Cardona, P. J., Crew III, White and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, plaintiff's motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.