■ GLENCOE LEATHER CORPORATION, Appellant, v ALBERT PARILLO, Respondent. [728 NYS2d 590] —Cardona, P. J. Appeal from an order of the Supreme Court (Aulisi, J.), entered June 22, 2000 in Fulton County, upon a decision of the court in favor of defendant.

As detailed in this Court's previous decision (251 AD2d 877), plaintiff, a leather goods manufacturer, commenced this action to recover $3,447.64, the balance allegedly due on defendant's account for purchases made between August 1991 and October 1992. Plaintiff moved for summary judgment and Supreme Court ordered a hearing wherein, *inter alia,* defendant sought to establish that plaintiff's records were not accurate and he should be credited $3,434.63 for an item listed on an invoice that he did not receive. Crediting defendant's testimony, Supreme Court entered judgment for plaintiff in the amount of $13.01.

Plaintiff appealed to this Court and we determined that a factual question was raised in light of the averment made by plaintiff's former manager attesting to the veracity of plaintiff's proof and defendant's denial of receipt of the merchandise (*id.*). Consequently, we remitted the matter to Supreme Court for a trial on the issue of whether defendant received the merchandise valued at $3,434.63 that is listed as one of the items on invoice No. 3443 (*id.*). After trial, Supreme Court determined that defendant had established that he did not receive the disputed merchandise and awarded plaintiff the sum of $13.01, resulting in this appeal.

Plaintiff argues that the evidence relied upon by Supreme Court does not exist in the record or, in the alternative, does not support the court's decision. We disagree. Supreme Court based its decision on defendant's statement that he did not receive the merchandise, the absence of a packing slip, the testimony of plaintiff's former manager that, inasmuch as there was not a signed packing slip, he could not definitively assert that defendant received the merchandise and the failure of plaintiff's account summary to reflect all transactions made between plaintiff and defendant. It is important to note that "although an appellate court is empowered in a nonjury case to independently consider the probative weight of the evidence and the inferences to be drawn therefrom, deference is ac-

corded the trial court's factual findings particularly where they rest largely upon an assessment of credibility" (*Jump v Jump*, 268 AD2d 709, 710), unless such findings could not be reached on any fair interpretation of the facts (*see, Sawhorse Lbr. & More v Perrotta*, 279 AD2d 733, 734). Based on our review of the record, we find no basis to disturb the court's findings.

Notably, the strongest evidence supporting plaintiff's position is contained in its account summary and concerns invoice No. 3443, dated September 13, 1991, which charges a total of $8,309.94—$3,434.63 for the disputed lot of merchandise and $4,875.31 for a second lot. The account summary states that plaintiff was owed $8,309.94 and lists a $4,875.31 payment for that invoice received on September 16, 1991, thus indicating a shortfall of $3,434.63. Although plaintiff urges that the information contained in that summary is a business record and establishes defendant's debt, the weight accorded such records is always subject to challenge (*see, e.g., Beck v Albany Med. Ctr. Hosp.*, 191 AD2d 854, 856; *Rock Ridge Townhouses v Village of Tupper Lake*, 99 AD2d 914, 915). Given that the proof indicated that the account summary did not reflect all of the transactions between the parties and taking into consideration defendant's prompt payment of $4,875.31 on invoice No. 3443 in accordance with his general practice, we find no error in Supreme Court's failure to rely upon the account summary. Therefore, we do not disagree with Supreme Court's finding that defendant did not receive the disputed lot of merchandise.

Finally, we perceive no prejudice in Supreme Court's questioning of defendant regarding his belief that he did not receive the disputed merchandise after plaintiff's counsel completed redirect examination. Inasmuch as plaintiff failed to object at the time of questioning, such challenge is not preserved for our review (*see, Kennedy v Kennedy*, 256 AD2d 1048, 1049). In any event, a trial court may question witnesses to clarify testimony (*see, Matter of Eshale O.*, 260 AD2d 964). We also note that plaintiff accepted the opportunity given by the court to further question defendant after the court concluded its questioning. Thus, we are unpersuaded by plaintiff's contention that it was deprived of a fair trial in this regard.

Plaintiff's remaining contentions have been examined and found to be without merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.