■ BELL ATLANTIC YELLOW PAGES Co., Formerly Known as NYNEX INFORMATION RESOURCES COMPANY, INC., Respondent, v PADDED WAGON, INC., Appellant. [740 NYS2d 32] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered January 25, 2000, which, upon the prior grant of plaintiff's mo-

tion for summary judgment, awarded plaintiff the principal sum of $118,368, plus interest, costs and disbursements, unanimously affirmed, with costs.

The affidavit of plaintiff's manager, in conjunction with documentary evidence, consisting of a copy of the relevant contract, advertisements and statements of account, sufficed to demonstrate plaintiff movant's prima facie entitlement to judgment upon its claim to recover advertising fees from defendant upon a breach of contract theory (*see, Drug Guild Distribs. v 3-9 Drugs*, 277 AD2d 197, *lv denied* 96 NY2d 710; *Glencoe Leather Corp. v Parillo*, 251 AD2d 877; *Fleet Credit Corp. v Harvey Hutter & Co.*, 207 AD2d 380). Defendant, in opposing summary judgment, failed to raise a triable issue of fact. We note in this connection that defendant did not dispute that the parties had entered into the subject advertising agreement, that plaintiff advertised defendant corporation in the yellow pages as required under the agreement, and that defendant failed to make payment under the agreement, and, accordingly, these crucial facts were deemed admitted (*see, Kuehne & Nagel v Baiden*, 36 NY2d 539, 544). Even if, as defendant alleges, telephone service to the number advertised pursuant to its agreement with plaintiff was diverted by NYNEX, that circumstance would not relieve defendant of its contractual obligation to pay for the subject advertisement. Plaintiff is an entity distinct from NYNEX and no basis has been advanced to hold plaintiff responsible for service disruptions caused by NYNEX. Indeed, section 9 of the parties' agreement specifically provides that "[t]he change or disconnection of a phone number in an advertisement does not release the advertiser [defendant] from its obligations as set forth herein." Concur—Mazzarelli, J.P., Andrias, Wallach, Rubin and Marlow, JJ.