Elizabeth Wolf, Respondent, v Holyoke Mutual Insur-ance Company, Appellant. [770 NYS2d 458]—

Mercure, J.P. Appeals from an order and an amended order of the Supreme Court (Kavanagh, J.), entered January 2, 2003 in Ulster County, upon a decision of the court in favor of plaintiff.

In September 1999, plaintiff was injured in an automobile accident while driving a car insured by defendant. Plaintiff suffered an injury to her right shoulder for which defendant paid no-fault benefits, including medical expenses, household help reimbursement and lost wages, through March 31, 2000. Thereafter, defendant denied further benefits, asserting that an independent medical examination demonstrated that plaintiff was no longer injured as a result of the accident.

Plaintiff then commenced this action seeking a declaration that defendant was obligated to continue paying benefits in an amount not to exceed $50,000. Based upon the parties' submitted affidavits, Supreme Court determined that plaintiff was completely disabled from the date of the accident through December 2000 and was thereafter partially disabled. The court directed defendant to pay plaintiff $4,225 plus interest to cover expenses from the period of April 1, 2000 to September 16, 2000, plus lost wages. Defendant appeals, asserting that Supreme Court erred in concluding that plaintiff's disability continued beyond March 2000. We disagree.

Inasmuch as Supreme Court's decision was rendered after a nonjury trial, we " 'independently consider the probative weight of the evidence and the inferences to be drawn therefrom' " upon review (*Glencoe Leather Corp. v Parillo*, 285 AD2d 891, 891 [2001], quoting *Jump v Jump*, 268 AD2d 709, 710 [2000]). While we normally afford deference to a trial court's determination regarding witness credibility, such deference is not warranted here because the determination was made upon submitted affidavits (*see Bauer v Goodrich & Sherwood Assoc.*, 304 AD2d 957, 958 [2003]). Nevertheless, we agree with Supreme Court that plaintiff established a continuing disability beyond March 2000.

Plaintiff presented an affirmation from her treating physician, Andrew Dubin, indicating that he diagnosed her with "right upper extremity brachial plexopathy" which was caused

by the automobile accident and exacerbated a preexisting condition, disabling her. Dubin stated in his affirmation and in prescription notes that plaintiff required on-going household assistance, initially could not work and, from December 8, 2000, was restricted to part-time employment. Dubin noted in an April 2000 letter that nerve studies confirmed his brachial plexopathy diagnosis. While notes from plaintiff's surgeon, William Levine, indicated continuing improvements in her range of motion and eventual resolution of the brachial plexopathy, Levine also recommended that she stay out of work initially and then return on a graduated basis beginning in December 2000.

In opposition, defendant submitted an affidavit and report of physician Norman Heyman concluding, based on a March 2000 independent medical examination, that plaintiff was not disabled but had "voluntarily sacrificed function and range of motion for relief of pain and demonstration of decreased . . . motion." Heyman opined that further treatment would not impact plaintiff's condition and that there was no need for household help and other services or additional diagnostic tests. We note that this evidence is undercut by a subsequent October 2000 letter from Mary Godesky, a physician who examined plaintiff on behalf of Allstate Insurance Company, the insurance carrier in the personal injury action arising out of the accident. Godesky determined that plaintiff had sustained a contusion of the right shoulder in the accident, which aggravated a preexisting condition and continued to limit plaintiff's range of motion. Godesky recommended continuing physical therapy. Given Godesky's letter and the affirmation and notes of plaintiff's doctors, we agree with Supreme Court that defendant improperly denied plaintiff benefits after March 2000.

We further conclude that Supreme Court correctly awarded plaintiff first-party benefits in the form of $25 per day plus interest for housekeeping expenses, as reasonable and necessary expenses, through September 16, 2000, or one year from the date of the accident (see Insurance Law § 5102 [a] [3]; § 5106 [a]). We agree with defendant, however, that Supreme Court erred in determining that plaintiff demonstrated that her income prior to the accident was $450 per week. In connection with her demand for payment from defendant, plaintiff submitted a verification of self-employment income form indicating that she spent $240 per week on substitute services (see 11 NYCRR 65.15 [g] [8]). Our review of the record reveals that of the other prescribed forms listed in the applicable regulation (see 11 NYCRR 65.15 [c] [3]), plaintiff submitted only an application for motor vehicle no-fault benefits in demanding loss

of wages. On that form, plaintiff claimed that her average weekly earnings were $450. However, the verification of self-employment income form—in which plaintiff claimed $240 per week for substitute services—is the proper form for determining plaintiff's loss (see 11 NYCRR 65.15 [g] [8]) and a claim for substitute services is primary in determining the loss of earnings benefit where an employee claims both substitute services and loss of earnings (see 11 NYCRR 65.15 [o] [2] [x] [b]). Although the verification of self-employment income form also includes a place for an applicant to set forth net loss of earnings in addition to the cost of substitute services, plaintiff failed to properly include on that form such a loss of earnings. Thus, the $240 figure listed on the verification of self-employment income form must be used in determining plaintiff's loss.

Accordingly, we conclude that plaintiff is entitled to 80% of her $240 weekly salary from September 17, 1999 until December 8, 2000 and, thereafter, to 80% of half her weekly salary to reimburse her for the time she was required to work four-hour days, together with interest (see Insurance Law § 5102 [b] [1]; § 5106 [a]) and subject to the $50,000 statutory cap on all basic economic loss and three-year limitation on recovery of lost wages (see Insurance Law § 5102 [a]; *Normile v Allstate Ins. Co.*, 87 AD2d 721, 722 [1982], *affd on op below* 60 NY2d 1003 [1983]). Because the record is unclear regarding whether plaintiff has already been reimbursed for any of her lost wages or other basic economic loss, we remit the matter for a recalculation of the amount of first-party benefits to which plaintiff is entitled and for a calculation of the amount of counsel fees due, up to the limit set forth in the applicable regulation (see 11 NYCRR 65.17 [b] [6]).

Spain, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order and amended order are modified, on the law and the facts, without costs, by reversing so much thereof as calculated plaintiff's entitlement to loss of wage benefits; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.