■ STATION SQUARE INN APARTMENTS CORP., Respondent, v REINER & KAISER ASSOCIATES et al., Appellants, et al., Defendants. [777 NYS2d 675]—

In an action to recover damages for breach of contract, which was settled by stipulation of settlement dated January 11, 1991, the defendants Reiner & Kaiser Associates and Ray Kaiser appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 26, 2003, as, upon reargument, and upon granting those branches of their prior motion which were to compel the plaintiff to comply with terms of the stipulation, denied those branches of their prior motion which were for damages, costs, and an award of an attorney's fee incurred as a result of the plaintiff's failure to comply with the terms of the stipulation.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the appellants'

motion which were for costs and an award of an attorney's fee; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for an assessment of expenses incurred by the appellants, including a reasonable attorney's fee, and for a new determination in accordance herewith.

In the order appealed from, the Supreme Court granted those branches of the appellants' motion which were to compel the plaintiff to sign an application for a demolition permit on the grounds that "[n]either the stipulation of settlement nor the master proprietary agreement reserved to the plaintiff the right to review proposed plans for interior alterations of the subject premises, or request further documentation, including a copy of the lease agreement, and insurance policies, prior to executing the applications for a demolition permit."

Pursuant to the terms of the stipulation, if a party thereto failed to carry out its obligations, the other party could move to enforce its rights in court and "the successful party *shall . . .* be entitled to reimbursement of expenses incurred, including reasonable attorneys' fees, in enforcing its rights" (emphasis supplied). The stipulation made no provision for consequential damages.

The appellants were the "successful party" since their position was adopted by the Supreme Court. Pursuant to the terms of the stipulation, the appellants were entitled to reimbursement of expenses incurred including a reasonable attorney's fee (*see Matter of First Natl. Bank of E. Islip v Brower,* 42 NY2d 471 [1977]; *DeStefano v DeStefano,* 119 AD2d 793, 794 [1986]; *Coniglio v Regan,* 186 AD2d 709 [1992]). On the question of reasonableness, the Supreme Court could consider the fact that a prior motion brought by the appellants for the same relief was denied with leave to renew on the ground that the papers were insufficient. There was no basis in this record to deny outright costs and an award of an attorney's fee.

The appellants' contention that they are entitled to consequential damages for lost rent is without merit. Altman, J.P., Goldstein, Adams and Crane, JJ., concur.