OPINION OF THE COURT
Jeffrey S. Brown, J.
Defendant New Econo Laundromat Inc. (New Econo) moves by notice of motion for an order pursuant to CPLR 3212 for summary judgment due to plaintiff’s failure to prove a prima facie case of liability against moving corporate defendant New Econo.
This is an action to recover for personal injuries sustained by the pedestrian plaintiff on November 14, 2011, when she was struck by a motor vehicle registered to and operated by individual defendant Kyung H. Bae, while attempting to transverse the crosswalk on Marcus Avenue in New Hyde Park, New York.
Defendant argues that the corporate defendant is not the owner of the vehicle involved in the accident, and as such cannot be held liable under the Vehicle and Traffic Law for injuries sustained by plaintiff. Moving defendant additionally asserts that the court should grant the corporate defendant’s motion for summary judgment because there is no nexus connecting the corporate defendant to the incident, or allowing the plaintiff to succeed in holding the employer liable under the theory of respondeat superior. Moving defendant contends that the actions of individual defendant, including driving a vehicle which was registered to his personal name, after regular business hours, and on the way to a restaurant after shopping, were outside the scope of his employment. Moving defendant maintains that the corporate defendant cannot be held vicariously liable for its employee’s alleged negligence because the individual defendant was acting solely for personal motives unrelated to the furtherance of corporate defendant’s business at the time of the incident.
Plaintiff opposes, arguing that a sufficient nexus exists between the corporate defendant and the subject incident for a jury to find corporate defendant New Econo liable under the doctrine of respondeat superior. Plaintiff asserts that the vehicle that struck Ms. Beltre was registered to the address of 2213 Hillside Avenue, New Hyde Park, New York, the physical *512 and business address of corporate defendant New Econo. Additionally, there is no apartment or residential living space at said business address, as it is solely commercial property used entirely for the business of the corporate defendant. Plaintiff also explains that individual defendant Bae is a 40% minority shareholder of the corporate defendant. Wook Hyun Bae, Kyung H. Bae’s brother, holds 60% as the majority shareholder of the corporate defendant. Additionally, individual defendant testified that this same brother owned the vehicle involved in the subject accident. Plaintiff therefore further contends that the vehicle being driven at the time of the collision was registered at the corporate defendant’s address, driven by the minority shareholder/manager/sole employee (individual defendant) of the business of corporate defendant New Econo, and owned by the majority shareholder of the business. Plaintiff argues that failure on the part of the corporate defendant to purchase a commercial automobile policy or list the vehicle on the corporate defendant’s insurance policy does not create an absolute defense to a claim of respondeat superior. Plaintiff additionally asserts that individual defendant Bae, manager and sole employee of the corporate defendant, testified that at the time of the subject accident he was returning from purchasing florescent light bulbs, the same kind used in the corporate defendant’s laundromat, although he refused to specifically identify those lights as the exact type used in the laundromat. Therefore, plaintiff maintains, a question of fact remains as to whether Mr. Bae was returning from purchasing light bulbs for the laundromat, which would arguably constitute an act in furtherance of the corporate defendant’s interest.
“It is well settled that . . . the proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by providing sufficient evidence to demonstrate the absence of material issues of fact (Sillman v Twentieth Century Fox, 3 NY2d 395 [1957]; Alvarez v Prospect Hospital, 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Bhatti v Roche, 140 AD2d 660 [2d Dept 1988]). To obtain summary judgment, the moving party must establish its claim or defense by tendering sufficient evidentiary proof, in admissible form, sufficient to warrant the Court, as a matter of law, to direct judgment in the movant’s favor (Friends of Animals, Inc. v Associated Fur Mfrs., Inc., 46 *513 NY2d 1065 [1979]). Such evidence may include deposition transcripts, as well as other proof annexed to an attorney’s affirmation (CPLR § 3212 [b]; Olan v Farrell Lines, 64 NY2d 1092 [1985]).
“If a sufficient prima facie showing is demonstrated, the burden then shifts to the non-moving party to come forward with competent evidence to demonstrate the existence of a material issue of fact, the existence of which necessarily precludes the granting of summary judgment and necessitates a trial (Zuckerman v City of New York, 49 NY2d 557 [1980], supra). It is incumbent upon the non-moving party to lay bare all of the facts which bear on the issues raised in the motion (Mgrditchian v Donato, 141 AD2d 513 [2d Dept 1998]). Conclusory allegations are insufficient to defeat the application and the opposing party must provide more than a mere reiteration of those facts contained in the pleadings (Toth v Carver Street Associates, 191 AD2d 631 [2d Dept 1993]). When considering a motion for summary judgment, the function of the court is not to resolve issues but rather to determine if any such material issues of fact exist (Sillman v Twentieth Century Fox, 3 NY2d 395 [1957], supra).” (Recine v Margolis, 24 Misc 3d 1244[A], 2009 NY Slip Op 51872[U], *3-4 [Sup Ct, Nassau County 2009].)
“Originally defined narrowly on the theory that the employer could exercise close control over his employees during the period of their service, as in other tort law contexts, social policy has wrought a measure of relaxation of the traditional confines of the doctrine. Among motivating considerations are the escalation of employee-produced injury, concern that the average innocent victim, when relegated to the pursuit of his claim against the employee, most often will face a defendant too impecunious to meet the claim, and that modern economic devices, such as cost accounting and insurance coverage, permit most employers to spread the impact of such costs.
“So, no longer is an employer necessarily excused merely because his employees, acting in furtherance of his interests, exhibit human failings and perform negligently or otherwise than in an autho *514 rized manner. Instead, the test has come to be ‘whether the act was done while the servant was doing his master’s work, no matter how irregularly, or with what disregard of instructions.’
“Thus formulated, the rule may appear deceptively simple but, because it depends largely on the facts and circumstances peculiar to each case, it is more simply said than applied. For, while clearly intended to cover an act undertaken at the explicit direction of the employer, hardly a debatable proposition, it also encompasses the far more elastic idea of liability for ‘any act which can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of that act.’ And, because the determination of whether a particular act was within the scope of the servant’s employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury.
“That is not to say there are no useful guidelines for assessing whether the conduct of a particular employee, overall, falls within the permissible ambit of the employment. Among the factors to be weighed are: the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.” (Riviello v Waldron, 47 NY2d 297, 302-303 [1979] [citations omitted].)
Additionally,
“[w]hether an employee’s acts are within the scope of employment is so dependent on the particular facts of a case that the question is ordinarily one for the jury. The general rule is that an employee acts within the scope of his employment when he is acting in furtherance of the duties owed to the employer and where the employer is or could be exercising some control, directly or indirectly, over the employee’s activities. There is also the question of whether the employee’s activities were incident to the employer’s business or wholly separate from it. Although normally an employee driving to and from work is not acting within the scope of employ *515 ment, an exception exists for ‘an employee who uses his car in furtherance of his work . . . while driving home from his last business appointment.’ Even if there has been a departure from the designated activity, consideration is to be given to the foreseeability of the occurrence arising from the deviation and employer responsibility in this area is broad ‘particularly where employee activity may be regarded as incidental to the furtherance of the employer’s interest.’ ” (Bazan v Bohne, 144 AD2d 168, 169-170 [3d Dept 1988] [citations omitted].)
In the case at hand, questions of material fact remain as to whether individual defendant Kyung H. Bae was acting within the scope of his employment, as the manager, sole employee and minority owner of corporate defendant New Econo as he drove a vehicle registered to the business address and owned by majority shareholder of corporate defendant, as he purchased flourescent light bulbs from Ace Hardware.
Accordingly, it is hereby ordered, that moving defendant New Econo’s motion for summary judgment is hereby denied.
All applications not specifically addressed herein are denied.