Government Empls. Ins. Co. v Picone (2025 NY Slip Op 06604)

Government Empls. Ins. Co. v Picone

2025 NY Slip Op 06604

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-08594
 (Index No. 605038/17)

[*1]Government Employees Insurance Company, respondent, 
v
Matthew Picone, appellant.

Palmieri Law, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Short & Billy, P.C., New York, NY (Andrew S. Midgett and Skip Short of counsel), for respondent.

DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the defendant appeals from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered March 24, 2022. The judgment, upon an order of the same court entered March 2, 2022, denying the defendant's motion for summary judgment dismissing the complaint and on his counterclaims and granting that branch of the plaintiff's cross-motion which was, in effect, for summary judgment on the complaint and dismissing the counterclaims, dismissed the counterclaims and declared that the plaintiff is not liable to the defendant for the payment of any lost wages claimed by the defendant.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action pursuant to Insurance Law § 5106(c) for a de novo review of an arbitration award in favor of the defendant and against it with respect to the defendant's claim for no-fault lost wage benefits in connection with an insurance policy obtained by the defendant through the plaintiff. The defendant interposed counterclaims, inter alia, alleging breach of contract and unfair claims settlement practices.
The defendant moved for summary judgment dismissing the complaint and on his counterclaims. The plaintiff cross-moved, inter alia, in effect, for summary judgment on the complaint and dismissing the counterclaims. In an order entered March 2, 2022, the Supreme Court
denied the defendant's motion and granted that branch of the plaintiff's cross-motion. Thereafter, a judgment was entered dismissing the counterclaims and declaring that the plaintiff is not liable to the defendant for the payment of any lost wages claimed by the defendant.
An eligible individual who makes a claim under the No-Fault Law must be compensated for "[l]oss of earnings from work which the person would have performed had he [or she] not been injured" (Insurance Law § 5102[a][2]; see Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 458; Ross v GEICO Indem. Co., 172 AD3d 1834, 1835-1836).
In calculating lost wage benefits, 11 NYCRR 65-3.16(b)(6) provides that "if the applicant, while disabled, is discharged from employment solely because of inability to work due to the injury, benefits for basic economic loss shall continue at the same level while the disability continues." The statutory and regulatory provisions that govern the recovery of lost earnings "contemplate[ ] a degree of certainty in the calculation of lost wages" (Sharpe v Allstate Ins. Co., 14 [*2]AD3d 774, 775). The Legislature intended "to compensate the accident victim for the earnings he or she would have, in fact, realized" (Kurciscs v Merchants Mut. Ins. Co., 49 NY2d at 457; see 11 NYCRR 65-3.16[b][3]).
Here, the plaintiff demonstrated, prima facie, its entitlement to judgment as a matter of law on the defendant's claim for lost wages (see Buckham v 322 Equity, LLC, 229 AD3d 669, 675; Gore v Cardany, 167 AD3d 851, 852). In support of its cross-motion, the plaintiff submitted, inter alia, a report by a certified public accountant, the defendant's personal and business tax returns, the defendant's bankruptcy petition, and a transcript of the defendant's deposition testimony. The tax returns were inconsistent with each other and were also inconsistent with the facts set forth in the bankruptcy petition. Moreover, at his deposition, the defendant failed to explain the discrepancies and also failed to produce the underlying records of his business documenting his income. In opposition to the cross-motion, the defendant failed to raise a triable issue of fact.
Under these circumstances, the Supreme Court properly entered a judgment declaring that the plaintiff is not liable to the defendant for the payment of any lost wages claimed by the defendant and dismissing the breach of contract counterclaim (see Sharpe v Allstate Ins. Co., 14 AD3d at 775; Wolf v Holyoke Mut. Ins. Co., 3 AD3d 660, 661-662).
Contrary to the defendant's contention, the Supreme Court also properly granted summary judgment dismissing his counterclaim alleging unfair claims settlement practices. The relevant statute, Insurance Law § 2601, does not create a private right of action (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 614; Lobello v New York Cent. Mut. Fire Ins. Co., 152 AD3d 1206, 1207-1208).
The plaintiff's remaining contention is not properly before this Court.
The defendant's remaining contention is without merit.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court